*309 OPINION of the Court, by
Ch. J. BoYxe.
This is an appeal from an order of the county court of Warren establishing á ferry across the Big Barren, on the application of the appellee.
The errors assigned are in substance — 1st, That the ferry was not necessary. 2d, That it does not appear that the appellee was the owner of the land on the south side of the stream when the ferry was established. 3d, That the owner of the land does not appear to have had notice of the application. 4th, That the court did not fix the rates of the ferry as the law requires. ¿
rates of ferriage ftouid be fixed at the li'ftin ry, ’
1. The necessity of establishing a ferry, is a matter the bounty courts seem by the act authorising the establishmerit of ferries to have the sole right to judge: for the act in express words gives them the pow-‘^1’ establish ferries in their respective counties “ when-ever they s^ia^ deem, it necessary.So far indeed as they violate any of the provisions of the act in the exercise of power given to them, their acts may be corrected by an aPPea¡ or„writ of error to this court; but if they conform to the requisitions of the act, they have in other respects an unlimited discretion; and in the very na-^ure °ftbe thing, a discretion circumscribed by no rule cannot be subject to be controléd by this court, which itself is bound to conform to established rules. The error assigned cannot therefore be sustained,
2. The second error is in point of fact true. The order states that the appellee held and possessed the land on the south side of the river, but it does not necessarily follow that he was the owner of the land : for he may hold or possess it wrongfully, or he may be even rightfully in possession, and yet not be the owner, as is the case of a tenant at will or for years. It is, however, not of itself an insuperable objection to the establishment of a ferry, that the applicant is not the owner of the land: for there may be cases where notwithstanding the establishment of ferries might be of public utility, and vet the owners of the land be unwilling to undertake to keep them; and it is plain that the legislature has framed the law with a view to cases of that kind.
3. The third error assigned is entitled to mere weight. The record, as already observed, not shewing that the appellee was the owner of the land, it was indispensable that the owner should have had notice of the application for the establishment of the ferry; and no such notice appearing to have been given, the/ order is on that ground erroneous.
4. The fourth error presents a point which is not in this case material to be decided, inasmuch as the order must be reversed on the preceding ground. It may, howrcver, be remarked, that the law expressly requires the rates of the ferry to be fixed at the same time the ferry is established ; and it would seem, as this is a requisition of some consequence to the public, that it ought not to be dispensed .with.
The order must be reversed with costs.