OPINION of the Court, by
Judge Logas-.
The parties having conflicting claims to land, the appellants, Who were infants, by their guardian, who as well in that character as in his own right, he being interested in a a part of the interference, entered into an order with the appellee to submit the claims to the determination of arbitrators ; who having made up and returned to court their award in favor of the infants, the award was made the judgment of the court. To reverse which the attorney for Crockett informed the guardian that he was about to sue out a writ, of error ; when, as the bill alleges, to save cost it was agreed that the appellee should prefer his bill in chancery upon the merits of the claims, and have the contest settled as if no award had been made.
It will be unnecessary to inquire particularly into the state of facts in the case. This suit was against the infants only ; and as we are of opinion that the guardian had no power over the judgment of the court to the prejudice of his wards, that therefore* whether the agreement had been made or not, and whether complied with @r not* by instituting suit within a given or reasonable *438 time, as appears from some of the proof was to have been done, does not seem material.
The act of 1797" concerning guardians, gives them the power of settling disputes from claims interfering with those of their wards, by arbitration agreeably to the law, and declares that the. award of the referees shall be entered up as the judgment of the court, and shall be as binding on the infant and proprietor of the interfering claim, as if the same were determined by a decree of the court according to the usual forms of law. Hut the power is not given to vacate and set aside the award and judgment of the court at the pleasure of the guardian ami adversary claimant. The judgment is made as binding as if it were founded on the opinion of the court itself upon the merits of the claims. And as the judgment is beneficial to the infants, if the right to invalidate it by the guardian can in any case be admitted, it must he when the interest of tiie ward would be most clearly preserved. The present is not such a case.
The decree of the circuit court must, therefore, be reversed and set aside with costs, and the cause remanded, that a decree may bs made dismissing the complainant’s bill.