Judge Mills
delivered the opinion of the court.
In this cause an issue of fact has been tried, on the question of title, which issue was left to this court, and the decision eventuated in favor of the plaintiffs in error, as will be seen by the opinion of the court in 1 Marshall, 243.
The fact being ascertained that the title belongs to the plaintiffs in error, on which the ferry in question is established, the question of law arises, was the county court authorised to establish this ferry, in the name of the defendant, across the Ohio, when he did not own the land on the Kentucky shore? This rests on the construction of the act entitled “an act to amend an act entitled an act to amend and reduce into one the several acts respecting the establishment of ferries.” 3 Litt. 361. The power of granting ferries to a person, when another has the soil, is one which ought not to be favored, because it is extraordinary, and when it exists, must be conferred by the legislature. Although this court has decided that such a power exists with regard to streams running through this state, (see Lawless vs. Reese, 4 Bibb, 309,) yet it does not follow that the same power exists with regard to ferries across the Ohio. The decision in that case is founded upon the particular statute applicable to such streams, which did not embrace ferries across the Ohio. To regulate ferries across the Ohio, and confer authority to establish them, was the main object of the act above recited, and by its provisions this case must be tested. It is true, then, that the act in question does not, in that part of it which confers the power of establishing ferries across the Ohio, expressly require that the applicant shall be the owner of the land; nor does it use expressions from which it is necessarily inferred, that the legislature designed to grant the right to those who had no interest in the soil in derogation of the rights of the owner. The bond, however, which the applicant must enter into before the county court, the condition of which is set out in haec verba, expressly recites that the ferry must be from the lands of the applicant across the river. No reasonable doubt, then, can be entertained that such was intended by the legislature to be the qualification of the applicant—the land on this shore must be his. In addition thereto, the decision of the issue in fact in this case, having *380 found the title in the plaintiffs in error, the order, granting the ferry, and the bond which he gave, shews expressly that the lands were not his; and although they do not shew the title to be in the plaintiffs, where this court has decided it to be. but in another, yet it clearly shews that it did not belong to the applicant.
Hardin for plaintiffs, Bibb contra.
The order of the county court, therefore, granting the ferry in question, and all subsequent proceedings thereon, must be reversed and held for nought, with costs.
Haggin for appellant, Wickliffe and Bibb for appellees.