Chief Justice Bibb
delivered the Opinion of the Court.
On the 11th March, 1820, Bush executed his note to Taylor for $433 33, payable on or before the seventh of October, 1821; which was assigned by Taylor, to James Reed, on the 11th March, 1820; and by him to John Ramsey on the 25th September, 1820; upon which Ramsey sued in 1823, and had judgment against Rush.
In Ap>ri], 1823, Rush exhibited his bill against Thomas Taylor, the original payee, and against John Ramsey, the last assignee, for injunction *85 against this judgment at law, and for a conveyance of fifty acres of land sold by Taylor to Bush, for which this note was given in part of the purchase, or for a rescission of the contract if Taylor is unable to convey.
Statements of the facts, and proceedings.
Compromises of the suit re ferred to in the bill.
It appears by the record of the proceedings in a former suit, that Taylor had assigned another of the notes given in part of the purchase of this land to Reed, who had, thereupon, obtained a judgment; and Bush had exhibited his bill in April, 1821, to injoin that judgment, upon the ground that Taylor had not conveyed the land, and could not, for want of title; that he was informed and believed, that the title was in Raimey of Missouri; to this bill Taylor and Reed were made parties:
They answered that bill, and relied on a deed executed by Raimey to Taylor in Missouri, bearing date on the 21st March, 1821; and on a deed tendered to Bush by Hanson, as attorney in fact for Taylor, on the second of July, 1821. This deed bears date on the 8th June, 1821; it was executed by the wife of Taylor on that day in Rockcastle county, in this State, and her privy examination and execution of the deed on that day, is certified by two justices of the peace of that county; but the land lies in the county of Clarke; and the deed was executed on the second of July, 1821, by Samuel Hanson for Taylor, and as his attorney in fact, and tendered to Bush on the same day and refused.
Bush had sued at law and had judgment against Taylor in covenant, for failing to convey this tract of land; and Taylor exhibited his bill for relief and injunction against that judgment.
Whilst both these suits were pending, Bush and Taylor agreed, on the 29th March, 1822, that the injunction obtained by Bush against Reed’s judgment should be dissolved, but without damages, and that Taylor should pay the costs of that suit; and that Reed should recover no costs; that Taylor’s injunction against Bush’s judgment, should be perpetuated; Taylor and Bush to divide the costs of the action of covenant; and that Taylor should convey the land according to his original covenant, *86 and to do so he bound himself and his heirs by that agreement.
Decree by conscut in tiie t'jrmer suits.
Statement continued.
Decree"
Assignment of error.
On the 27th March, 1822, this agreement was produced in court, and by the consent of all the parties, the two suits in chancery of Rush vs. Taylor and Reed, and of Taylor vs. Bush, were disposed of by one decree in both, according to the terms of that agreement.
In this suit, the records of those former suits arc referred to, and exhibited, and made parts of this.
Taylor is a non-resident, and upon publication against him, this bill is taken pro confesso.
Ramsey the assignee of Reed, who was assignee of Taylor, now shews the deeds, of the 21st March, 1821, from Raimey to Taylor, and the deed of July, 1821, by Hanson as attorney in fact for Taylor, to Bush, which deeds had been before objected to by Bush; Ramsey shews also a deed from Raimey and wife, to Taylor, of the 3d June, 1822, for the land, acknowledged before the circuit court of Howard county, in the State of Missouri, with the privy examination of the wife, certified by the clerk, under seal of the court, (and also by the judge,) in due form, as required by our statute; and relies upon these deeds as having conveyed the title to Bush in such sort, as that the court should declare he had no cause of complaint, and to do away the equity alleged in the bill by Bush against him and Taylor.
On hearing, the circuit judge decided that the defendant Taylor, should convey to Bush the land, on or before the 24th May, 1824, by deed, with general warranty, according to the boundaries specified in the deed, tendered by Hanson; and oh failure, that the commissioner appointed by the decree should execute the deed; the injunction against Ramsey’s judgment at law was dissolved, but without damages; and costs m chancery were decreed against Taylor and Ramsey.
The defendants below, now complain of that decree, and assign for error: that Reed should have *87 been made a party; that damages should nave been given on dissolving the injunction; that the court erred in decreeing costs against Taylor and Ramsey, or against either the one of the other.
A mesne assignor thro’ whom the plaintiff at law obtains the obligation recovered on, is not a necessary party to a bill against the plaintiff in the judgment and the obiigooforinjuno * tion &c. on the matter of the original consideration
Whore a deed is acknowledged by the Barron and Feme before two justices of the peace in the county where the land does not. lie, but whore they reside, it must appear to be subscribedbefore the justices and be recorded in that county.
As to Reed’s being a party, we see no reason for such requisition. The complainant could not have had any decree against him. Reed by the assignment of the note, (which was assignable by the statute,) passed the complete, equitable and legal property in it to Ramsey. In Lemon vs. Brown, 4 Bibb 309, it was decided that a complainant seeking a specific execution, or damages, upon a bond for the 'conveyance of laud, which had been assigned to him, need not make the assignor a party, because, the bond being assignable by the statute, the legal property in it passed by the assignment to the complainant, and his assignor was not a necessary party. If an assignor through whom a complainant derived his claim to the bond was not a necessary party, a fortiori, an assignor through whom the defendant Ramsey claims this money, bond or note, and by whose assignment Ramsey obtained a judgment in his own name,‘is no necessary party.
As to the damages claimed by Ramsey, upon dissolving the injunction, it is to be remembered that Bush, when he filed his bill, bad good cause for injunction.
The deed tendered by Hanson in 1821, as the attorney in fact of Taylor, had been refused by Bush: and properly refused. When the wife of Taylor signed that deed in June, 1821, the husband had not signed it; it was subsequently signed on the 2d July, by Hanson, as the attorney in fact of Taylor, and acknowledged by Hanson for Taylor, in Clarke county, where the laud lies; the certificates made by the justices on the 8th of June preceding, and the deed, had not been recorded in Rockcastle, wherein it was acknowledged; the clerk of that county had not certified on that deed that it had been recorded in his office; the husband had not then signed it, nor was it signed except by his attorney Hanson, which was not done until the second of July. Therefore, the *88 the dower of the wife was not relinquished by that deed, according to the statute, as expressly adjudged in M’Connell vs. Brown, (Litt. Sel. cas. 464.) That deed was not accepted nor recorded. The objection to it was sufficient, and had been so treated by the parties in their agreement for the disposal of the former suits in chancery; and Taylor had agreed to make another deed. Since that agreement of January, 1822, and the decree of March, 1822, founded on it, Taylor had not conveyed nor tendered the deed to Bush.
It is proper that a vendor who has covenanted to convey lands, shall in making the deed, place it under such authentications as will enable the grantee to have it recorded: and in decrees for conveyances &c. this ought to be required.
Where an injunction is rightfully awarded but afterwards properly dissolved, upon matters done or arising afterwards, there shall be no damages:
*88 Under the laws of this State, respecting the recording of deeds, it is proper that a vendor who has covenanted to convey lands,, shall in making the deed,, place it under such authentications, as that the grantee therein may lodge it for record in the proper office, thereby to secure himself against purchasers and creditors of the grantor, and have the evidences of his title permanently fixed of record. To this, a court of equity ought to pay due regard, in a decree on behalf of a complainant who comes for relief against his covenant to convey, or in favor of a defendant who resists the bill of the vendee seeking to have a conveyance, or damages for not conveying.
The agreement and decree of 1822, does not aid the assignee, Ramsey; he had obtained his assignment before those suits in equity were instituted; he was no party; he is not bound by the decree, and not entitled to any benefit from it; Taylor has not performed the conditions of that agreement; neither does Ramsey claim any benefit from or under that agreement; he does not pretend that Taylor has performed it, nor does he rely upon it in his answer. But he relies upon and shews the deed tendered by the attorney of Taylor in July, 1821, as sufficient; of which enough has been said.
At the filing of the bill, and at the time of the decree, Bush’s complaint was well founded; if he shall get the title, it must be under the decree. It is the decree alone which can be relied on to obviate and evade the well founded complaint of Bush when he exhibited his bill. Whether that decree has placed Bush in the condition he had a right to require, and *89 to which a court of equity should have looked before the injunction was dissolved, wc give no opinion; the case upon the writ of érror by Taylor and Ramsey, does not require it.
Hanson, for plaintiffs:
In Massie vs. Sebastian, (4 Bibb, 437,) it was decided, that upon an injunction rightfully awarded, but afterwards properly dissolved, upon matters done or arising afterwards, it was improper to subject the complainant to damages or costs.
The injunction being rightfully awarded, arid dissolved by the act of the court in decreeing the title to be conveyed from Taylor to Bush, costs were properly decreed against Taylor, who had failed to perform his covenant, and against Ramsey holding the note as assignee under Taylor.
Decree affirmed with costs-.