FERRIES.

Case 61.

June 9.

## *Pentecost vs. Miller.*

Error to the Calloway County Court.

*Ferries within the state. Notice. Statutes. Rates of Ferriage.*

Judge MILLS, delivered the Opinion of the Court.

THIS is a writ of error, to reverse an order of the county court of Calloway, establishing a ferry across the Tennessee river.

It is insisted, that the order is defective, because it does not appear that notice was given to the owner of the land on the opposite side of the stream.

Where the stream is in the county, and the applicant does not own the land on both sides, there must be notice to the owner.

It is true, that the 1st section of the act of 1796, does require one month's notice to be given to persons owning land on one or both sides of the stream. But that section expressly applies to cases where the stream is all contained within the county, and it has been held to authorize the establishment of a ferry, in a case where the applicant held the land on either side.

But the second section of the act embraces cases where the river is the boundary line of a county, and where the person applying owns the land on one side of the stream. There no notice is required, and the section appears to be an independent provision, regulating and settling all the requisites in the case to which it applies. We cannot therefore add to it the requisition of notice, provided for in the first section, and reverse the case for wanting what the act does not require. Here, the order of court expressly states, that the applicant held the land on one side of the stream, and his application was to grant to the opposite shore, and the act of assembly establishing the county of Calloway, shews that the Tennessee is the boundary line of the county. His case is therefore within the letter of the act.

The next exception to the order is, that the county court failed to establish and fix the rates of ferriage. This defect the defendant in error has attempted to supply by producing a general order of that court fixing the rates of all the ferries on the Tennessee; whether this general order is, or is not, sufficient to supply this defect, we need not enquire. For although it might be inferred from a dictum in the case of Lawless vs. Reese, 4 Bibb, 309, that such an order of the county court being indispensable, the absence thereof ought to vitiate the rest of the grant, yet it has been since settled, in the case of Ackler vs. Oldham, 1 Marsh. 471, that the want of such order fixing rates, ought not to reverse the order granting the ferry, which is a separate and independent order.

The rest of the exceptions to the order, do not seem worthy of notice.

The order is affirmed, with costs.

*Mayes* for plaintiff; *Darby* and *Pope* for defendant.