T. H. SOMERVILLE, ADMINISTRATOR, ETC., v. D. MAYES,
ADMINISTRATOR, ET AL.

1. INJUNCTION BOND.   *Action thereon.   When brought.   Repeal of remedial
   statute pending suit.   Reversal of judgment enjoined.*
   M. and wife enjoined a judgment against them on some equitable ground
   which conceded the validity of the judgment, giving bond conditioned
   to pay all money and costs due or to become due in said judgment or
   action at law, and also all such costs and damages as should be
   awarded against them, in case the said injunction should be dissolved.
   The injunction was dissolved, and afterwards, in October, 1869, the
   bill was dismissed.   Pending the injunction, M. having died, the wife
   took a writ of error, which operated as a *supersedeas* by virtue of the
   act of 1866, which was repealed in April, 1870, pending the writ of
   error.   In April, 1872, the judgment was reversed, because void as
   to the married woman, and the case being remanded and dismissed
   as to her, judgment final was had in November, 1873, against M.'s
   administrator.   *Held*, that the repeal of the act of 1866 in April,
   1870, was a discharge of the *supersedeas;* that an action on the injunc-
   tion bond, begun Aug. 3, 1870, was not premature; and that the con-
   dition of the bond was broken when the injunction was dissolved, and
   the right of action was then complete.   *Held, further*, that the de-
   fendants to the action on the injunction bond, after a dismissal of
   said action as to the wife, were liable on the bond, notwithstanding
   the reversal of the judgment enjoined.

2. SUPREME COURT.   *Practice.   Judgment on reversal.   Agreed case.*
   Where a case comes up on an agreed state of facts, and the judgment
   of the Supreme Court is invoked thereon, judgment is entered here
   for the plaintiff on reversal of a judgment for the defendant.

ERROR to the Circuit Court of Carroll County.

Hon. ORLANDO DAVIS, Judge.

*Harris & George* for the plaintiff in error.

1. The suit on the injunction bond was not prematurely
brought.   *Harrison* v. *Balfour*, 5 S. & M. 301, 307 ; *McDonald*
v. *Ingraham*, 30 Miss. 389.

2. The defendants are liable on the bond to pay the debt
enjoined.   *Davis* v. *Hoopes*, 33 Miss. 173.

3. The obligors are estopped to deny that the judgment is
valid, or that there was a judgment.   Bigelow on Estoppel,

295; *Magee* v. *Mellon*, 23 Miss. 585; *Newell* v. *Newell*, 34 Miss. 385; *Redus* v. *Hayden*, 43 Miss. 614; *Stockton* v. *Turner*, 7 J. J. Marsh. 192; *Fowler* v. *Scott*, 11 Ark. 676; High on Injunctions, § 953; *Byrne* v. *State*, 50 Miss. 688.

*J. Z. George*, on the same side, argued the case orally.

*James Somerville*, for the defendants in error.

1. The action was prematurely brought. *Jenkins* v. *Pepoon*, 2 Johns. Cas. 312; *Bell* v. *Bullion*, 2 Yerger, 479; *Suttles* v. *Whitlock*, 4 Mon. 451; *Fowler* v. *Scott*, 11 Ark. 676; *Saddler* v. *Glover*, 1 B. Mon. 53; *Talbot* v. *Morton*, 5 Litt. 326; *Gelston* v. *Hoyt*, 3 Wheat. 246; *Hutchcraft* v. *Gentry*, 2 J. J. Marsh. 499; *Payne* v. *Harrell*, 40 Miss. 498; *McKinsey* v. *Anderson*, 4 Dana, 62; *Campbell* v. *Howard*, 5 Mass. 376; 17 Pick. 142.

2. There is no legal liability on the part of the obligors, or any of them, on the bond. Freeman on Judgments, § 481; *Hoy* v. *Couch*, 5 How. (Miss.) 188; *Barton* v. *Petit*, 7 Cranch, 194; *Buckingham* v. *Bailey*, 4 S. & M. 538; *Bell* v. *Tombigbee Railroad*, 4 S. & M. 549; *Waldron* v. *Ely*, 1 Penn. (N. J.) 79; *Stillman* v. *Ackley*, 1 Penn. (N. J.) 165; *Hutchcraft* v. *Gentry, ubi supra; Hawes* v. *Hathaway*, 14 Mass. 233; *Loring* v. *Eager*, 3 Cushing, 188; *Laflin* v. *Field*, 6 Met. 287; *Anderson* v. *Radley*, Penn. (N. J.) (2d ed.) 754; *Hall* v. *Williams*, 6 Pick. 232, 246; *Holbrook* v. *Murray*, 5 Wend. 161; 12 Johns. 434.

3. This is a statutory bond given under a general remedial law, which prescribes the same form to stay actions or judgments, embracing both under the term "proceedings at law." Code 1857, arts. 64–66, p. 550. It must be construed with reference to the law, and its true scope and legal import. *United States* v. *Little Charles*, 1 Brock. 380. The *conditions* of a bond are imposed by the obligee, and are construed in favor of the obligor. 2 Parsons on Cont. 510, note *y*. The recitals of the bond will operate in restraint of the condition, though the words of it import a larger liability than the recitals contemplate. Hurlstone on Bonds, 18. And more especially in favor of sureties. *Lord Arlington* v. *Merricke*, 2 Saund. 412–414. The principle invoked is illustrated in *Harris* v. *Taylor*, 3 Sneed, 536, 541. This was an action by attach-

ment against husband and wife. Replevin bond with sureties given for property attached. *Nolle prosequi* as to the wife. Held, that the sureties in the replevin bond were discharged, their contract being in joint behalf of husband and wife. Where, on bond being given on *certiorari* from Justice to Circuit Court, the plaintiff then amends by substituting another plaintiff, the sureties are released. *Phillips* v. *Wells*, 2 Sneed, 154. In this case, it has been held, by this court, that there was no release of errors on the part of Mrs. McIntyre in suing out an injunction against a judgment which was wholly void as to her. *Fox* v. *Davis*, MS. Op.

*George L. Potter*, on the same side, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The intestate of the plaintiff in error had judgment in the Circuit Court against McIntyre and wife, rendered Oct. 12, 1860. On April 6, 1861, the defendants in said judgment enjoined it by bill in chancery, complaining on some equitable ground, which conceded the validity of said judgment. The injunction was dissolved, and afterwards, on Oct. 15, 1869, the bill was dismissed. On July 14, 1868, Mrs. McIntyre, whose husband had died, and who had become Mrs. Fox, prosecuted a writ of error to the said judgment, which writ of error operated as a *supersedeas* by virtue of the act of Oct. 30, 1866. Acts of 1866–67, p. 26. In April, 1870, this act was repealed. On Aug. 3, 1870, this action was instituted on the injunction bond given by the complainants in said bill for injunction. On April 8, 1872, the judgment against McIntyre and wife was reversed, being held void as to the married woman. The cause being remanded, the action was dismissed as to her, and judgment had, on Nov. 9, 1873, against the administrator of McIntyre. The action on the injunction bond was tried on the foregoing facts, with others not necessary to be stated, and resulted in a judgment in favor of the defendants, the action having been dismissed by the plaintiff as to the married woman, who was an obligor in said bond.

Two questions have been discussed by counsel, viz.: 1. Whether the action was prematurely brought on the injunction bond ; 2. Whether there is any legal liability on the

obligors of the bond. It is affirmed that the action on the
bond was commenced while the judgment enjoined was super-
seded by writ of error. This is a mistake. The repeal of the
act of Oct. 30, 1866, in April, 1870, was a discharge of the
*supersedeas.*

The condition of the bond is an answer to both questions
stated above. The right of recovery on the bond is coexten-
sive with its condition, and resort must be had to its terms in
determining the rights and liabilities of parties to it. The
obligors have a right to stand on its terms. So has the obligee.
It is conditioned to " pay all money and costs due or to
become due in said judgment or action at law, and also all
such costs and damages as shall be awarded against them, *in
case the said injunction shall be dissolved.*" The dissolution of
the injunction is the contingency on which liability to pay was
stipulated to arise. The condition was broken when the in-
junction was dissolved, and the right of action on the bond
was *then* complete. *Harrison* v. *Balfour*, 5 S. & M. 301.

The obligation of the bond, as determined by the language
of its condition, is to pay all money and costs due or to become
due in said action at law, as well as all costs and damages
awarded against the obligors, &c. The terms are broad
enough to embrace all that was due the obligee in said action
at law. The obligee had a judgment in said action at law
against McIntyre and wife. It was afterwards held to be void
as to the wife. It was, nevertheless, a valid judgment against
the man. Although it was reversed, it was not void as to
McIntyre. The reversal destroyed the judgment as an evi-
dence of debt, but did not affect the cause of action, nor the
action at law as to McIntyre. The final judgment in that
action is an ascertainment of what was due the plaintiff at the
commencement of his action, with its incident, the interest
afterwards accrued. The defendants to the action on the in-
junction bond, after dismissal as to the married woman, were
therefore liable on the bond, notwithstanding the reversal of
the judgment enjoined.

This is a just result, of which the obligors cannot properly
complain. It not only flows from their express stipulation by
the bond, but it comes within their expectation when they

executed it.  The injunction was obtained on a ground held insufficient, and the injunction was dissolved.  The judgment was not enjoined, because it was void.  The contemplation, as well as the stipulation, of the obligors in the bond was, that, if the injunction should be dissolved, they would pay the debt and interest, as evidenced by the judgment, then regarded as valid, and costs and damages to be awarded.  They knew that the injunction was a release of errors in the judgment; that a bill for injunction rests on a concession of the validity of the judgment sought to be enjoined; and that the idea of a writ of error to a judgment after injunction is not contained in the law.  Though true that the judgment enjoined was on writ of error held to be void as to Mrs. McIntyre, it is doubtless true that no such curious result was ever contemplated by the obligors of the bond.

The object of the statute requiring a bond as the condition precedent to injunction of a judgment or action at law, is to afford the creditor security for his demand when delayed by injunction.  The purpose is to make the party hindered by injunction safe to the extent of his just claim.  The object of the law can be accomplished in this case only by giving effect to the language of the condition of the bond, and holding the obligors bound to pay all money due in said action at law, with costs and damages.

As the facts of the case are agreed on, and the judgment of the court invoked on them, the judgment herein will be reversed, and judgment may be entered here in accordance with this opinion.