## BROCKAWAY VS. THOMAS.

AMENDMENT: *Effect of amendment to complaint.*

To the original complaint in an action of unlawful detainer, a demurrer was sustained, and an amendment was filed pursuant to leave. The court, without requiring the defendant to plead to the amended complaint, entered an order for the restitution of the property to the defendant, and awarded a writ of enquiry to assess his damages; held, that the amendment related back to the time the complaint was filed and became a part of it, to the same extent as if it had been originally inserted therein; that the court should have required the defendant to plead to the complaint as amended, and erred in disposing of the cause favorable for defendant, while it remained unanswered.

APPEAL from *Jefferson* Circuit Court.

Hon. J. A. WILLIAMS, Circuit Judge.

*Carroll & Jones,* and *J. M. Moore,* for appellant.

*Grace* and *Knight,* for appellee.

ENGLISH, CH. J.:

Charles G. Brockaway, on the 2d of November, 1875, commenced an action of unlawful detainer in the Circuit Court of Jefferson County, against John H. Thomas, for possession of a lot in Pine Bluff.

The original complaint is, in substance as follows:

"The plaintiff, Charles G. Brockaway, states that he is entitled to the possession of the following real estate situate in Pine Bluff, etc. (here the lot is described by metes and bounds), being the property now occupied by the defendant John H. Thomas, as a saloon; and that said defendant John H. Thomas unlawfully detained the same on the first day of November, 1875, after lawful demand made therefor."

On the day the complaint was filed, a writ was issued, the plaintiff executed a bond, and the sheriff put him in possession of the premises sued for.

At the return term (11th May, 1876), the defendant filed a demurrer to the complaint. On the next day the demurrer was sustained, and plaintiff asked leave to amend.

On the 15th of May, the plaintiff filed an amendment to the complaint.

The complaint as amended (inserting the amendment in its proper place as indicated by it, and embracing it with brackets), is as follows:

" The plaintiff, etc., states that he is entitled to the possession of the following real estate situate in Pine Bluff, etc. (here the lot is described), being the property now occupied by the defendant, etc., as a saloon ; [and that the defendant, John H. Thomas, was tenant from month to month on the premises above described of Amelia P. Holland, the vendor of John M. Clayton and Margaret Rice of the premises above described, and that said John M. Clayton and Margaret Rice are the vendors of the plaintiff, of said premises. That said defendant obtained possession of the premises without any authority from said Amelia P. Holland, but being in possession was suffered to retain the same as a tenant aforesaid; and that on the 1st day of November, 1875, the time for which the premises were held by him as aforesaid had determined, and the plaintiff was then entitled to the possession thereof,] and that said defendant John H. Thomas unlawfully detained the same on the first day of November, 1875, after lawful demand made therefor."

On the 16th of May the defendant moved to strike the amendment to the complaint from the files, on the ground that it changed the nature of the action, which motion the court, on the 18th, overruled.

On the 7th of June the court made the following order:

" On this day, the court having sustained the demurrer herein, and the said writ of possession being thereby quashed and held

for naught, it is ordered that restitution of the property mentioned in said complaint and writ be and the same is hereby restored to the defendant." To which the plaintiff excepted.

On the 9th of June, the court, on motion of the defendant, ordered a writ of inquiry to assess his damages, the plaintiff protesting, and demanding a trial on his amended complaint. A jury was empaneled, and defendant's damages assessed at $2500, for which sum judgment was rendered in his favor against the plaintiff, and for costs of the suit.

Plaintiff moved for a new trial, which was refused, and he took a bill of exceptions, and appealed.

The court below sustained the demurrer to the original complaint on the ground, perhaps, that it did not show that the relation of landlord and tenant existed between the appellant and appellee. By the amendment, the appellant attempted to cure that defect in the original complaint. Whether the complaint as amended was in good form, we are not called upon to decide on this appeal, as it was not met by demurrer, or motion to make its allegations more specific.

As to what allegations are material in a declaration or complaint in an action of unlawful detainer, see *Bradley* v. *Hume*, 18 Ark., 284; *Frank et. al.* v. *Hendrick*, Ib., 304; *Keller* v. *Henry*, 24 Ark., 576; *Dortch et al.* v. *Robinson*, 31 Ark., 296.

The court properly permitted appellant to amend his complaint on sustaining a demurrer thereto. *Brinkley* v. *Mooney*, 9 Ark., 445, and the amendment related back to the time the complaint was filed, and became a part thereof, just as if it had been inserted therein when the complaint was filed.

The court having refused, and properly we think, to strike the amendment from the files, should have required the appellee to plead to the complaint as amended.

But the court without making any disposition of the complaint as amended, ordered the property restored to the possession of the appellee, for the reason, it seems from the entry, that a demurrer had been sustained to the original complaint, and caused a jury to be empaneled to assess the damages of appellee, and rendered a final judgment in his favor for the amount of the damages assessed, and for the costs of the suit, thereby terminating the action, while the amended complaint stood unanswered, and in no manner disposed of.

It was useless to allow the appellant to amend his complaint on the sustaining of the demurrer thereto, and to refuse to strike out the amendment, and then to treat him as having failed in his action, and order a writ of inquiry to ascertain appellee's damages.

The statute provides that: " In all cases of forcible entry and detainer, and forcible and unlawful detainers, when the defendant disputes the plaintiff's right of possession, it shall be lawful for such defendant to introduce before the jury trying the main issue in such action, evidence showing the damages he may have sustained in being dispossessed of the lands and premises mentioned in the writ and declaration in the cause, and the jury, if they find the issue for the defendant, shall at the same time find what damages the defendant has sustained by being dispossessed under the provisions of this act, and the court shall render judgment restoring the property to the defendant as now prescribed by law, and shall also render judgment against the plaintiff and his security in the bond for the damages as found by the jury, as well as the costs of suit." Acts of March 2d, 1875, sec. 17 ; Acts of 1874–5, p. 199.

Here the appellee put in no answer to the amended complaint disputing appellant's right of possession, no main issue was made up, and none was tried.

If appellant had rested on the sustaining of the demurrer to the original complaint, and declined to amend, the court should have rendered judgment for appellee, ordered a writ of restitution, and perhaps a writ of inquiry, (*Dortch et al.* v. *Robinson et al.*, 31 Ark., 295); but appellant did not rest; he asked and obtained leave to amend the complaint, filed an amendment, which the court refused to strike out, and when the complaint stood amended, ordered the property restored to appellee, and caused a writ of inquiry to be executed.

It is not necessary to review the questions of law reserved upon the inquest trial, the whole trial being irregular.

The judgment must be reversed and the cause remanded, with instructions to the court below to permit appellee to plead to the amended complaint.