SOPHIA E. SHARPE *et al.*, Appellants, v. SAMUEL HARD-
ING *et al.*, Respondents.

St. Louis Court of Appeals, January 21, 1896.

1. **Injunction:** DAMAGES. The voluntary dismissal of suit, after the issue of a temporary injunction therein, is conclusive as to the wrongful restraint of the parties enjoined, and entitles them to at least the expenses incurred by them in defending against such injunction.

2. ———: LACK OF SERVICE OF ORDER. A temporary injunction is operative against the party enjoined from the time of notice to him of the contents of the order, whether the order was formally served on him or not.

3. ———: PRACTICE, APPELLATE: PRESUMPTIONS. When the record, on an appeal from the assessment of damages on the dissolution of such injunction, shows that a bond with sureties was executed before the injunction was granted, it will be presumed, in the absence of anything to the contrary, that the bond was a statutory bond.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F.
ROY, Judge.

AFFIRMED.

*J. D. Hostetter* for appellants.

*Clark & Dempsey, Fagg & Ball, Joe Tapley* and
*Major & Motley* for respondents.

BOND, J.—Plaintiffs brought an injunction suit to restrain defendants from opening a road running over their land, on the ground that it had not been legally established and that defendants were attempting by trespasses to open said road on lines where it was never located. Bond was given in the sum of $200. An injunction was awarded restraining defendants from

opening said road along the lines described in the petition, or in any manner trespassing on plaintiff's land.  The return of the sheriff shows service of the writ upon defendants.  The injunction suit was continued for several times, and finally dismissed by plaintiff on the twelfth of June, 1894.  On the fourteenth of June, 1894, defendants moved the court for an assessment of damages on the injunction bond. Plaintiff, Sophia E. Sharpe, filed answer, denying all the allegations in said motion.  The issue was tried by the court, a jury being waived, and judgment given for the mover for $100; hence this appeal by plaintiffs.

The only declarations of law requested by plaintiffs were in the nature of a demurrer to the evidence. The court did not err in refusing these, as there was evidence tending to show that the proximate damages caused to defendants by the restraining order were $100.

It is next contended by plaintiffs that the court erred in rejecting evidence tending to show that defendants were only restrained from trespasses in attempting to open a road on different lines from those on which it purported to be located.  This evidence was wholly irrelevant, as the defendants gave no other evidence of damages caused to them by the injunction, except expenses of the suit incurred by them and attorneys' fees.  The voluntary dismissal of the petition is conclusive against the plaintiffs as to the wrongful restraint of defendants, to the extent of recovering expenses incurred in defending against it, and evidence that the defendants suffered no other injury does in no sense disprove that they incurred these expenses.

It is next urged by appellants that defendant Fillinger was not served with the writ of injunction. The return of the sheriff contradicts this assertion, and, while Fillinger admits the writ was not served

upon him, he says he knew it was outstanding against him, and employed counsel to represent him.   If Fillinger knew of the existence of a writ of injunction against him, it became operative upon him from the time of notice of its contents, whether it was formally served or not.   High on Injunction, sec. 1422.   There is, therefore, no merit in this assignment.

Neither can we sustain the objection that the evidence was insufficient to show that a statutory bond of injunction was given.   The record shows affirmatively that a bond was executed with sureties, and the amount thereof, before the restraining order issued.   The fact that a bond was given being thus established, it will be presumed, in the absence of anything to the contrary, that it was a statutory bond, on the principle that the court would not otherwise have granted the injunction. Revised Statutes, 1889, section 5498.   Nor is there any merit in the suggestion that plaintiffs were erroneously deprived of a trial by jury.   The judgment of the court, as shown by the certificate of the clerk, expressly recites that a jury was waived.

Finding no reversible error in the judgment, it will be affirmed.   All concur.