G. H. SCOTT v. D. S. FRANK, Appellant.

Injunction: DAMAGES ON BOND.    Damages on an injunction bond cannot be recovered where the writ was rightfully issued, though afterwards dissolved because of matters arising subsequent to its issuance.

Pleading: AMENDMENT.    Where an amendment to an insufficient petition for an injunction is filed, setting up additional facts in support of the same cause of action, the amendment relates back to the commencement of the suit.

Waiver.    The question of waiver of objections to an assessment in
  3    a condemnation proceeding by omission of facts from the
         original petition for an injunction but afterward alleged in
         an amendment thereto, cannot be considered for the first time
         on an appeal from a judgment on the injunction bond.

*Appeal from Pottawattamie District Court.*—Hon. O. D.
WHEELER, Judge.

MONDAY, OCTOBER, 12, 1903.

ON May 18, 1898, the county superintendent of Potta-
wattamie county advised D. S. Frank by letter that he
had appointed referees to assess the damages which he, as
owner, might sustain by the appropriation of an acre of
land, exclusive of highway, "located on the S. E. ¼ of the
S. E. ¼ of section 4 township 74, range 12 commencing
about forty rods north of the southeast corner of said
section 4, on the highway running north and south on the
east side." May 31st the referees so appointed reported
to the superintendent that they had assessed the damages
which would be occasioned by appropriating the land des-
cribed as above at the sum of $60, and of this fact the
superintendent wrote Frank, June 1st following.    On
June 4th Frank presented a petition, in which Keg Creek
district township, its officers, and the county superintend-
ent were named as defendants, alleging that the ground
proposed to be condemned had growing thereon an orchard
of fruit trees and a dwelling house a few rods therefrom,
to one of the judges, and procured a writ of injunction
restraining them "from taking possession of or in any
way appropriating or using the whole or any part of one
acre of land S. E. ¼, S. E. ¼, section 4, township 74, range
42, or going upon the same, directly or indirectly, for any
purpose." To the petition were attached the letters from
the superintendent and the report of the referees, but no
relief was asked because of irregularity therein.    The de-
fendants therein answered July 6th that a definite site had

been condemned, but when selected, in March previous, with Frank's knowledge, there was no dwelling house nor orchard near it, and that a shanty was subsequently erected, and a few apple trees set out, with the fraudulent purpose of preventing the appropriation of the land for school purposes. They prayed for the dissolution of the temporary writ of injuction. A motion to dissolve, based on the facts stated in the answer, was filed, and also a resistance, in which Frank urged for the first time that notice of the proceedings as required by statute was not served on him, and that said proceedings were void because of the uncertainty in the description of the land proposed to be condemned. This motion was submitted on the 1st of August, and five days later Frank filed an amended and substituted petition averring the above defects in the proceedings. August 16th the court overruled a motion to strike the pleading last mentioned, and made the following entry: "It appearing from said petition and answer that the condemnation proceedings in question are void for uncertainty, the motion to dissolve injunction is denied, without prejudice, however, to the right of defendants to renew said application when they shall have legally condemned the land in question." Thereafter land was regularly condemned, and defendants set up facts with respect thereto in an amended and substituted answer, and upon final hearing on the merits the petition was dismissed, and the temporary writ of injunction dissolved. This is an action by the assignee of the Keg Creek district township to recover for attorney's fees reasonably expended in procuring the dissolution of the writ of injunction. Trial resulted in a verdict and judgment against defendant, and he appeals.—*Reversed.*

*W. H. Ware* for appellant.

*John P. Organ* for appellee.

LADD, J.—The bond sued on is conditioned for the payment of all damages, occasioned by a writ of injunction restraining the defendants in the suit of *Frank v.*

**1. DAMAGES on injunction bond.** *Board of Directors of Keg Creek District Township and others* from interfering with the former's possession of an acre of land sought to be appropriated for school purposes. To sustain an action for damages it must be made to appear that such injunction was wrongful in its inception, or at least was continued owing to some wrong on the part of plaintiff. If rightfully awarded, but afterwards properly dissolved because of matters done or arising subsequent to its issuance, there can be no recovery of damages. In other words, the parties whose wrongdoing has made the writ necessary cannot justly complain of not being allowed expenses for remedying and readjusting a situation for which they alone are responisble. Sutherland, Dam. (1st Ed.) volume 2, page 78; *Massie v. Sebastian,* 4 Bibb, 437; *Lampton v. Usher's Heirs,* 7 B. Mon. 57; *Findlay v. Carson,* 97 Iowa, 537; *N. Y., W. S. & B. R. Co. v. Omerod,* 29 Hun, 274; *Palmer v. Foley,* 71 N. Y. 106. See *Pierson v. Ells,* 46 Hun., 336; *Creek v. McManus,* 13 Mont. 152 (32 Pac. Rep. 675).

No doubt the final decree entered in the injunction suit is, as contended by appellee, to be regarded as *res adjudicata* in this action of all issues therein decided. *Shenandoah Nat. Bank v. Read,* 86 Iowa, 136. The meirts of the original controversy will not be re-examined, but this does not preclude inquiry as to precisely what was determined. To aid in doing this the entire record, including the pleadings, was admissible in evidence. *Campbell v. Ayres,* 6 Iowa, 339; *Hopkins v. State,* 53 Md. 502; *Garrett v. Logan,* 19 Ala. 344. Did the court decree that the restraining order was improvidently obtained, or merely that, owing to the subsequent condemnation of the land, the injunction should be dissolved? The original

petition alleged that there was an orchard on the acre sought to be appropriated by the board of directors as a site for a new schoolhouse, and that said schoolhouse would be within forty rods from a dwelling house. Had this been all, we might agree with the district court that, even though the motion to dissolve the writ of injunction restraining said board from interfering with Frank's possession was overruled, yet, as it finally appeared that on these allegations he was not entitled to a writ, damages might be awarded on the injunction bond. See *Bank of Monroe v. Gifford*, 65 Iowa, 648. But other facts existed at the beginning of the action, though not then stated in the petition, amply sufficient to support the writ. These were first asserted in resistance of the motion to dissolve, and not until it had been submitted did Frank file the amended and substituted petition, in which he for the first time alleged that no notice of the condemnation proceedings had been served upon him, and that the description of the land to be appropriated was uncertain, so that it could not be located. On these grounds the motion to dissolve was overruled, and they were only obviated by again condemning the acre desired. The defendants in that action then were rightly restrained from interfering with Frank's property. That the grounds for so deciding were first stated in an amendment after the issuance of the writ is not important. The relief sought was the restraining order, the facts existed justifying its issuance, and all the amendment did was to aver additional facts in support of the same cause of action. In such circumstances the amendment is regarded as a continuation of the

2. PLEADINGS: amendment. original pleading, and as relating back to the commencement of the suit. 1 Encyclopedia, Pleading & Practice, 621; *Seevers v. Hamilton*, 11 Iowa, 66; *School Town of Monticello v. Grant*, 104 Ind. 168 (1 N. E. Rep. 302); *Fleenor v. Taggart*, 116 Ind. 189 (18 N. E. Rep. 606); *Schuyler Nat. Bank v. Bollong*, 28 Neb.

·684 (45 N. W. Rep. 164); *Verdery v. Barrett*, 89 Ga. 349
·(15 S. E. Rep. 476); *Agee v. Williams*, 30 Ala. 636; *Brock-
away v. Thomas*, 32 Ark. 311; *Clark v. Delaware etc.
Canal Co.*, 11 R. I. 36.   See *Branch of State Bank v.
Morris*, 13 Iowa, 136; *Citizen's National Bank v. Con-
verse*, 105 Iowa, 669.

If there were any merit in appellee's suggestion that
the omission to mention these matters in the first petition
was a waiver of the objections interposed, it is enough to
say that no such issue was raised.   The right
3. WAIVER.    to file the amended and substituted petition
was upheld, and in the amended and substituted answer
thereto the illegality of the first condemnation proceedings
is expressly admitted, and the subsequent proceedings by
which one acre of Frank's land was lawfully appropriated
for school purposes was averred as a ground for the disso-
lution of the restraining order previously obtained.  Up to
that time the defendants in the action were in the wrong,
and that wrong justified the injunction.   The interposition
of the injunction as an impediment to the appropriation of
the school house site resulted from the erroneous proceed-
ings of the board of directors.   No good reason can be sug-
gested for relieving the board from the burden of removing
it, and neither such board nor its assignee ought to recover
the expenses incurred in so doing.—REVERSED.