THOMAS M. PIERCE, Treasurer of VANDEVENTER PARKS, et al., and UNITED STATES FIDELITY & GUARANTY COMPANY, Appellants, v. M. C. CAMPBELL and ROSA D. CAMPBELL, Respondent.*

St. Louis Court of Appeals. Opinion filed July 7, 1925.

1. **INJUNCTIONS: Dissolution: Bonds: Damages: Statute: Construction.** In a proceeding to assess damages upon the dissolution of a temporary injunction, section 1959, Revised Statutes 1919, is viewed as not creating a right to damages in a defendant who was in fault at the time the injunction was issued and whose fault there-

fore created the necessity for the injunction, for it is the law, and said statute has not changed it, that where an injunction is rightfully awarded, but afterwards properly dissolved upon matters done or arising after it, no damages can be recovered.

2. ————: ————: Final Decree: Injunction Bond: Action on: Res Judicata. Where, in an action to enjoin the maintenance of a boarding house in violation of building restrictions, a final decree was entered in the injunction suit wherein it was found that the temporary injunction was properly and providently issued, but dissolved as to certain defendants upon matters arising thereafter, and the issues were found in favor of the plaintiffs and against all of the defendants, such final decree is regarded as *res judicata* in an action by such defendants to assess damages on the injunction bond.

3. ————: ————: ————: Injunction Properly and Providently Issued: Dissolved as to Defendants upon Matters Arising Thereafter: Right of Action on Injunction Bond Does Not Accrue. Whilst ordinarily the dissolution of an injunction amounts to a determination that the injunction was improperly granted, and a right of action on the injunction bond immediately accrues to the defendants, yet this is not true where the final decree itself specifically finds the issues for the plaintiffs and against all the defendants, and that the temporary injunction was properly and providently issued, but because, by the action of the defendants since the issuance of the injunction the necessity for its continuance or being made permanent, had been removed, the injunction is dissolved, but at defendants' costs.

*Headnotes 1. Injunctions, 32 C. J., Section 746; 2. Injunctions, 32 C. J., Section 735; 3. Injunctions, 32 C. J., Sections 735, 746, 772 (Anno).

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Claude O. Pearcy*, Judge.

REVERSED.

*T. M. Pierce* and *Samuel H. Liberman* for appellants.

(1) Respondents were precluded from recovering on the bond by the final decree in the injunction suit. Town of Dadeville v. Wynn, 70 So. 197; Scott v. Frank, 96 N. W. 764; Massie v. Sebastian, 4 Bibb, 436; Seass v. Monroe, 151 Ill. App. 142; Palmer v. Foley, 71 N. Y.

106; Appollinaris Co. v. Venable, 32 N. E. 555; New York etc. R. Co. v. Dennis, 40 N. J. Law 340; Carroll v. Roadheimer, 35 La. Ann. 374; Paul v. Barnbrook, 106 N. E. 425; Yarwood v. Mining Co., 79 Pac. 483; 32 Corpus Juris, 435; Sec. 1957, R. S. 1919. (2) The final decree in the injunction suit was not subject to collateral attack in the proceeding to assess damages. Howey v. Howey, 240 S. W. 450; State ex rel. Burton v. Bagby, 288 Mo. 482; Colin v. Six, 79 Mo. 200; Enterprise Furn. Co. v. Davidson, 211 Mo. App. 664; 16 Am. & Eng. Encyl. of Law (2 Ed.), 458. (3) Instruction No. 1, given for respondents, was erroneous, improper and prejudicial. (a) It submitted to the jury questions of fact litigated in the injunction suit. (b) It assumed the truth of facts in controversy. Clark v. St. Joseph Terminal R. Co., 242 Mo. 570; Moon v. St. Louis Transit Co., 247 Mo. 227. (4) Instruction No. 2, given for respondents, was erroneous and prejudicial. Authorities under points 1 and 2 supra. (5) The refusal to give instruction No. 3, offered by appellants, was prejudicial error. Authorities under points 1 and 2 supra. (6) Under the theory adopted by the court below appellants were entitled to have instruction No. 4 given to the jury. National Warehouse & Storage Co. v. Toomey, 181 Mo. App. 64; Thornton v. Merserau, 168 Mo. App. 1.

*Benj. J. Klene* for respondents.

(1) There was no error committed by the trial court in giving instruction No. 2. The question of the right to damages on the dissolution of the injunction was not in issue in the trial of that matter. Lawless v. Lawless, 47 Mo. App. 523; Wimpey v. Lawrence, 208 S. W. 54; Drainage District v. Turney, 235 Mo. 80. (2) (a) It was not within the issues tried by the court on the motions to dissolve the temporary injunction to decree that respondents were not entitled to recover damages upon dissolution of that injunction. Lawless v. Lawless, 47 Mo. App. 528; Wimpey v. Lawrence, 208 S. W. 57; Drain-

age District v. Turney, 235 Mo. 94. (b) No such point was actually litigated or determined in the original ac tion. State ex rel. v. Eastin, 278 Mo. 668-9. (3) (a) The only matter adjudicated in the injunction suit was whether plaintiffs were entitled to have the injunction made perpetual. This issue was decided in the negative as to respondents and in their favor. Having been so decided by the court, it was not within the power of the court to order that the temporary restraining order be discontinued and dissolved at the cost of defendants Campbell, and with prejudice to any right by said defendants to maintain any action or proceeding for damages against plaintiffs. Joplin State Bank v. Heaton, 180 S. W. 19. (b) Under the statute, without the consent of all parties the question—the assessment of damages in connection with the order dissolving the injunction—cannot be adjudicated. Joplin State Bank v. Heaton, 180 S. W. 19; R. S. 1919, sec. 1957. (4) Having dissolved the temporary injunction as to defendants Campbell, it was not within the power of the court to write in its decree that "all and singular under the pleadings and the evidence the court, upon the merits of this action, does find the issues for the plaintiffs and against all the defendants." This matter is in conflict with that part of the order dissolving the injunction as to defendants Campbell, and could not invalidate the part of the order dissolving the injunction. (5) (1) Under the Missouri statute the State court is imperatively required, when entering a judgment dissolving an injunction, to proceed in that case to assess defendants' damages. Elliott v. M. K. & T. R. R. Co., 77 Mo. App. 659-660. (2) The very terms of the statute and the obligations of the bond required the payment of damages should the injunction be dissolved. The undertaking here was absolute on dissolution and not, as in a recent New York case, conditioned that the court should finally decide that plaintiff was not entitled to an injunction. Alliance Trust Co. v. Stewart, 115 Mo. 243-4. (3) Where the injunction is the only remedy sought—"the very life of the bill"—and

its perpetuation or dissolution is the only matter to be litigated, then the whole case is tried on the motion to dissolve, whether one is actually filed or not, and all the expenses incurred for attorney's fees, etc., are properly assessed for procuring the dissolution of the injunction. Gas Co. v. Joplin, 182 Mo. App. 432. (4) Plaintiffs are entitled to damages even where conditions have changed, as this court has held. Grover v. Kirk, 187 Mo. App. 720. In our argument we will first consider the matters last indicated under the points and authorities.

BECKER, J.—Upon the dissolution of a temporary injunction the defendants under section 1959, Revised Statutes of Missouri 1919, had their damages assessed by a jury resulting in a verdict in their favor for $100. From the resulting judgment the plaintiffs appeal.

Plaintiffs below resided in Vandeventer Place in the city of St. Louis, and instituted a suit in the circuit court of said city against one Adolph E. Branham and against M. C. Campbell wherein it was alleged that the defendants were conducting a boarding house at 36 Vandeventer Place in violation of certain restrictions limiting the use of the premises to that of a private dwelling house. A temporary injunction restraining the said defendants from a further violation of the alleged restrictive covenants was granted upon the filing of a bond in the sum of $7500 conditioned as required by law. Thereafter Rosa D. Campbell, wife of the defendant M. C. Campbell, was made a party defendant in the suit. She entered her appearance and the temporary injunction heretofore mentioned was made effective as to her also.

Upon a hearing of the case the following decree was entered of record:

"Now at this day come again the parties hereto by their respective attorneys; thereupon the further trial of this cause progressed before the court upon the merits, upon the plaintiffs' petition for a permanent injunction and upon the separate answers of each of the defendants

and the plaintiffs' replies thereto, and also for hearing upon the respective separate motions of defendant Marion C. Campbell and of defendant Rosa D. Campbell to dissolve the temporary restraining order issued by the court on July 25, 1923, and all and singular under the pleadings and the evidence the court *doth find that said temporary restraining order was properly and providently issued, but that since the issuance thereof the two defendants Marion C. Campbell and Rosa D. Campbell have removed from the presimes at No. 56 Vandeventer Place, . . . and that neither of them are residing therein nor have any interest in said premises at this time.*

"Wherefore, it is ordered by the court that said temporary restraining order as to said defendants Marion C. Campbell and Rosa D. Campbell be discontinued and dissolved, but at defendants' costs and with prejudice to any right by said defendants Campbell, or either of them to maintain any action or proceeding for damages against the plaintiffs or the sureties upon the bond given by plaintiffs upon the issuance of such temporary restraining order.

"*And all and singular under the pleadings and the evidence the court, upon the merits of this action, does find the issues for the plaintiffs and against all of the defendants.*

"Wherefore, it is by the court considered, ordered and decreed that the defendant Adolphus Branham, his servants, agents and lessees, or any person for or under said defendant, Adolphus Branham, be perpetually and permanently restrained and enjoined from using said lots and premises. . . . as a boarding or lodging house, or for any other purpose than a private dwelling house, or for any trade or business of any kind, dangerous, noxious or offensive to the neighboring inhabitants, or for any trade or business whatsoever, and from permitting more than one proper family from using such private dwelling house,

"And it is further considered, ordered and decreed by the court that the plaintiffs have and recover of the said defendant Branham their costs, and that execution issue therefor.

"And it is further considered, ordered and decreed by the court that the defendants Marion C. Campbell and Rosa D. Campbell be finally discharged, but that plaintiffs have and recover of said last-named defendants their costs in this behalf laid out and expended and that execution issue therefor."

In light of this decree appellants urge that their demurrer offered at the close of defendants' case should have been sustained. The point is well taken.

Section 1959, Revised Statutes of Missouri 1919, cannot be viewed as creating a right to damages in a defendant who was in fault at the time the injunction was issued and whose fault therefore created the necessity for the injunction. It has always been the law and our said statute has not changed it, that where an injunction is rightfully awarded but afterwards properly dissolved upon matters done or arising after it, no damages can be recovered (Southerland on Damages, Vol. 2, p. 78), and that to recover damages on an injunction bond it must be made to appear that such injunction was wrongful in its inception or at least was continued, owing to some wrong on the part of plaintiff. Therefore parties whose wrongdoing caused the issuance of the writ cannot justly complain of not being allowed expenses in an action made necessary to remedy or readjust a situation for which they alone are responsible. [Scott v. Frank (Ia.), 96 N. W. 764; Town of Dadeville v. Wynn (Ala.) 70 So. 197; Massie v. Sebastian (Ky.), 4 Bibb. 437; Findley v. Carson (Ia.), 66 N. W. 759; N. Y., W. S. & B. Ry. Co. v. Omerod, 29 Hun. 274; Palmer v. Foley, 71 N. Y. 106.]

In this State as early as Buford v. Packing Co., 3 Mo. App. 159, l. c. 172, it was ruled that the principle upon which counsel fees are allowed upon dissolution of an injunction is based upon the fact that the defendant has been compelled to employ aid in getting rid of an

*unjust restriction forced upon him by the act of the plaintiff.* In the instant case, however, in a trial of the cause, upon the merits, and also upon the respective separate motions of the defendants to dissolve the temporary injunction the court found that the temporary injunction had been properly and providently issued, and found the issues in favor of plaintiffs and against the defendants. It thus clearly appears that in said decree the court made a final determination of what the rights of the parties litigant were at the commencement of the suit and when the injunction was allowed.

There can be no question but that the final decree entered in the injunction suit, so far as matters that were properly before the court and therein decided, must be regarded as *res adjudicata* in this action on the injunction bond. [Shenandoah National Bank v. Read, 86 Iowa, 136, 53 N. W. 96; Scott v. Frank, supra; Campbell v. Ayras, 6 Iowa, 339; Hopkins v. State, 53 Ind. 502; Garrett v. Logan, 19 Ala. 344; Town of Dadeville v. Wynn, supra; 16 Amer. & Eng. Encyc. Law (2 Ed.), 458.]

Whilst ordinarily the dissolution of an injunction amounts to a determination that the injunction has been improperly granted and a right of action on the injunction bond immediately accrues to the defendants, yet this is not true where as here the decree itself specifically finds the issues for the plaintiffs and against all of the defendants and that the temporary injunction was properly and providently issued, but because by the action of the defendants since the issuance of the injunction the necessity for its continuance, or being made permanent, has been removed the injunction is dissolved but at defendants' costs.

Whether the court had jurisdiction to pass upon the defendants' right to damages upon the injunction bond as it attempted to do in the decree upon the hearing of the case upon its merits is a matter that we need not and do not pass upon. We do rule that the final decree properly passed upon the merits of the case, and that such

findings must be held to be *res adjudicata* in this action on the injunction bond.

Since from the facts found in the decree it conclusively appears that there has been no breach of the condition of the bond, it follows that the defendants herein have no right of action thereon. The judgment should be and the same is hereby ordered reversed. *Daues, P. J.,* and *Nipper, J.,* concur.