CAMPBELL *et al. v.* STAUFFER *et al.*

(Division B. March 27, 1933.)

[146 So. 872. No. 30536.]

Edward Smith and Ed. C. Brewer, both of Clarksdale, for appellants.

Roberson & Cook, of Clarksdale, for appellees.

Argued orally by **Edward W. Smith**, for appellant.

**Anderson, J.**, delivered the opinion of the court.

Appellees in their capacity as trustees of the Tutwiler municipal school, and individually, brought this action in the circuit court of Tallahatchie county against appellant A. C. Campbell, as principal, and appellant United States Fidelity & Guaranty Company, as surety, to recover damages upon an injunction bond executed by them in favor of appellees in a suit then pending in the chancery court of said county, styled A. C. Campbell, Complainant, v. John Stauffer et al., Defendants. The court directed a verdict in favor of appellees on the issue of liability, and submitted to the jury the question alone as to the damages to be assessed on the bond. The jury returned a verdict in favor of appellees in the sum of five hundred dollars; from that judgment appellants prosecute this appeal.

The chancery court case in which the injunction bond was executed came up to this court on appeal; the report of the case being in Campbell v. Warwick, 142 Miss. 510, 107 So. 657. Reference is made to the report of that case as a necessary part of the history of the present case. Promptly, and before the expiration of the school term, appellees entered a motion to dissolve the injunction and for the allowance of damages for its wrongful issuance. Through no fault of appellees, this motion was not passed on by the court until long after the school year of 1925-26 had expired. Appellant had been elected superintendent of the school for that year. Later appellees appeared

before the chancery court prepared to try the case. Appellants failing to appear and prosecute, appellees moved the court to dismiss the cause upon that ground. This motion was sustained.

Appellants contend that there is no liability on the injunction bond, because at the time of the dismissal of the injunction suit by the chancery court the question in that case was moot—there was nothing for the court to decide. This contention is based on the facts, which are undisputed, that appellant Campbell's contract as superintendent of the school had expired when the bill was dismissed. Appellees contend that, although the grounds upon which the chancery court cause was based were moot, nevertheless the question of liability on the injunction bond was not a moot question.

To sustain their contention appellants rely on Yates v. Beasley, 133 Miss. 301, 97 So. 676. In that case the patrons of a consolidated public school enjoined the county superintendent of education from contracting with a certain person as a teacher in the school for a certain scholastic year. The injunction was dissolved by the chancery court, and from that decree an appeal was taken to the supreme court. When the cause was heard and decided in the supreme court, the school term had expired. The court held that the questions involved were moot; that the controversy between the parties was no longer real; that the court could render no judgment which could be enforced, and would not do the vain thing of rendering a judgment. The appeal was therefore dismissed.

Appellees, to sustain the decree appealed from, rely on Harrison v. Balfour, 5 Smedes & M. 301; Marshall v. Minter, 43 Miss. 666; Somerville v. Mayes, 54 Miss. 31; Yale v. Baum, 70 Miss. 225, 11 So. 879; Alexander v. Woods, 115 Miss. 164, 75 So. 772; Johnson v. Howard (Miss.), 141 So. 573; Day v. McCandless (Miss.), 142 So. 486; Griffith's Chancery Practice, section 463. Appellees

contend that the dismissal of the bill by the chancery court operated as a dissolution of the injunction, and conclusively established the fact that it had been wrongfully sued out, and that they were entitled to recover whatever damage they sustained by its issuance. The authorities referred to fully support that contention.

It is true that, at the time of the dismissal of the bill, the question whether appellant Campbell was rightfully the superintendent of the school for the scholastic year 1925-26 was not a live question, because the decision of the court one way or the other could not be enforced. It does not follow, however, that the question of liability on the injunction bond was a dead issue. The liability on the bond for costs and damages was still a live question. The grounds for the injunction, although moot so far as their original purpose was concerned, were alive incidentally in order to determine what had become the main question, namely, liability on the injunction bond.

Affirmed.