**C. C. KELDER and Sherman C. Hall, Respondents,**

**v.**

**Mayor Stanley I. DALE, Harry Kurtz, Robei ( Graff and William A. Lorenz, Members of the Board of Public Works of the City of St. Joseph, Missouri, Lee B. Irwin, Comptroller of the City of St. Joseph, Missouri, Charles Beadnall, Doing Business as Beadnall Electric Company, Appellant.**

**Nos. 22673, 22748.**

Kansas City Court of Appeals.

Missouri.

May 5, 1958.

Whitney W. Potter, St. Joseph, for appellants, Mayor Stanley I. Dale, Harry Kurtz, Robert Graff and William A. Lorenz, Members of Board of Public Works of City of St. Joseph, Missouri, Lee B. Irwin, Comptroller of City of St. Joseph, Missouri.

John Newhart, Savannah, for appellant, Charles Beadnall, d/b/a Beadnall Electric Co.

Miner & Martin, Hugh A. Miner, St. Joseph, for respondents.

MAUGHMER, Commissioner.

Plaintiffs (respondents) sought and secured a temporary injunction against the defendants (appellants). Thirteen days later the injunction was dissolved and the cause dismissed, all parties agreeing that the issue had become moot. Defendants thereafter moved for allowance of their attorney fees as damages. These motions were denied and defendants have duly appealed.

The defendants herein may properly be divided into two groups. These two groups were represented by different attorneys, filed separate answers and motions, occupied somewhat different positions and filed separate briefs on appeal, although

by stipulation both appeals were consolidated for hearing, argument and disposition. One group consists of the City of St. Joseph, its Mayor, members of the Board of Public Works and its Comptroller. This group will be referred to hereinafter as the City and City Officials. In the second group is the defendant Charles Beadnall, d/b/a Beadnall Electric Company. This defendant will be designated herein as Beadnall.

Plaintiffs on May 23, 1956, as St. Joseph residents, taxpayers and as representatives of a class of such, filed their petition and were granted a temporary injunction, restraining all defendants from entering into a certain street lighting contract on behalf of the City of St. Joseph with the defendant Beadnall. The petition generally alleged that the proposed contract was illegal, and alleged specific facts upon which such conclusion was founded. Plaintiffs' bond in the principal sum of $1,000 was conditioned that plaintiffs would "abide the decision in this cause and pay all sums of money, damages and costs that shall be adjudged against them if the restraining order or temporary injunction shall be dissolved * * *". June 5, 1956, was the date set for final hearing. On May 29, 1956, defendant City and City Officials filed answer, stating therein that all bids for the street lighting program had been rejected and that "inasmuch as the contract which is the subject of this lawsuit has not and will not be awarded, signed or executed, no controversy remains and nothing is left for this court to pass upon." On June 5, 1956, plaintiffs filed their written "Motion to Dismiss without prejudice" as to defendant Beadnall. On this same day, counsel for all parties, in open court, stated that the issues presented by plaintiffs' petition and upon which the injunction had been issued had become moot by reason of the action of defendant City and City Officials in abandoning the proposed contract and joined in requesting that the injunction be dissolved and the suit dismissed.

Thereafter, but on this same day, the Court dissolved the temporary injunction, dismissed the cause and entered formal judgment that defendant Beadnall have and recover his costs from plaintiffs. Thereupon the defendant City and City Officials filed a motion for allowance of a $500 attorney fee for their privately employed lawyer (the City Counselor also appeared for them). The defendant Beadnall filed a like motion. He, too, asked for damages in the sum of $500, which he alleged he had contracted to pay his lawyer for services herein. Some testimony was heard and the defendant Beadnall testified that he had agreed to pay $500. No party at any time requested a jury for any purpose and, therefore, all matters were properly adjudicated by the Court. The Court, at a later date, overruled both of these motions for damages, covering attorney fees and each group of defendants has duly appealed. The actions of the trial court in denying each of these claims for damages for attorney fees are the only questions presented on this appeal.

The defendant City and City Officials contend that in an injunction proceeding where the questions involved have become moot and the injunction is dissolved, that the defendants are entitled to an allowance for attorney fees. The defendant Beadnall in his brief joined with and adopted this contention and then asserted separately that the defendant Beadnall was entitled to such an allowance.

█ Section 526.200 V.A.M.S.1949, Injunctions, provides: "Upon the dissolution of an injunction, in whole or in part, damages shall be assessed by a jury, or if neither party require a jury, by the court; * * *". There is abundant authority and it is the rule in Missouri that a defendant's reasonable attorney fees rendered in the proceedings directed at getting rid of an injunction and releasing defendant from its restraint is a proper element of damages to be considered in assessing damages on an injunction bond. Water-

man v. Waterman, Mo.App., 210 S.W.2d 723, loc. cit. 726, and cases cited.

It is also the law in this state that damages, including attorney fees, are allowable only in those instances where the injunction was improvidently granted, was wrongful in its inception or at least was continued owing to some wrong on the part of the plaintiff. The underlying principle for allowance of attorney fees is that defendant has been compelled to employ such aid in getting rid of an unjust restriction forced upon him by the act or acts of plaintiff. We cite the following Missouri cases which both establish and support such pronouncement. In Hecht Bros. Clothing Co. v. Walker, 279 S.W. 1059, loc. cit. 1060, the St. Louis Court of Appeals said: "Whether defendants were entitled to have expenses incurred by them for attorney's fees assessed as damages on the two bonds depends, of course, upon whether or not the temporary restraining order of August 4, 1922, and the temporary injunction of September 20, 1922, were *providently granted*". (Italics supplied.)

In Pierce v. Campbell, 217 Mo.App. 179, 274 S.W. 875, loc. cit. 876, the same appellate court said it this way:

"In this state, as early as Buford v. Keokuk Northern Line Packet Co., 3 Mo.App. 159, loc. cit. 172, it was ruled that the principle upon which counsel fees are allowed upon dissolution of an injunction is based upon the fact that the defendant has been compelled to employ aid in getting rid of an *unjust restriction forced upon him by the act of the plaintiff*.

\* \* \* \* \* \*

"Whilst ordinarily the dissolution of an injunction amounts to a determination that the injunction has been improperly granted, and a right of action on the injunction bond immediately accrues to the defendants, yet this is not true where, as here, the de-cree itself specifically finds the issues for the plaintiffs and against all of the defendants, and that the temporary injunction was properly and providently issued".

In Terminal Railroad Ass'n of St. Louis v. Schmidt, 353 Mo. 79, 182 S.W.2d 79, loc. cit. 82, our Supreme Court announced the same general rule by declaring: "The allowance of damages upon the dissolution of an injunction is based upon the fact that the defendant has been compelled to employ aid and incur expense 'in ridding himself of an unjust restriction, which has been placed upon him by the action of the plaintiff'. 2 High, Injunctions, Sec. 1688; Farasay v. Hindert, Mo.App., 110 S.W.2d 785".

We now proceed to apply this general rule to the facts presented by our particular case. There was no decision and no complete presentment in the trial court as to the issue on which the temporary injunction was granted. The trial court made no determination as to whether the writ had been granted providently or improvidently. There was no occasion and really no opportunity to do so, since on the day set for final hearing, the plaintiffs presented their motion to dismiss without prejudice as to defendant Beadnall, and the defendant City and its City Officials by answer informed the Court that all bids (including the one they had been enjoined against accepting) had been rejected and that "inasmuch as the contract which is the subject of this lawsuit has not and will not be awarded, signed or executed, no controversy remains and nothing is left for this court to pass upon". Then counsel for all parties in open court stated that the issue or issues on which the injunction was predicated had thereby become a moot question and joined in requesting a dismissal of the action. Under these facts and upon this record are these two groups of defendants, or either of them, entitled to recover reasonable attorney fees as damages?

We find the following statement in 28 Am.Jur. 340, Injunctions: "A dismissal or discontinuance of a suit in which an interlocutory injunction has been issued, which amounts to a determination that the injunction has been improperly issued, gives a right to an action on the injunction bond or undertaking. Thus, as a general rule, the voluntary dismissal of a suit by the plaintiff, after obtaining an interlocutory injunction and giving a bond, when made without the consent of the defendant, is determinative of the controversy and is such a breach of the condition of the injunction bond as to warrant a right of action upon it. Such dismissal or discontinuance, if made by the plaintiff independently and without connivance and consent of the defendant, is binding on the sureties, and conclusively establishes as against them the wrongfulness of the injunction; they assume that hazard. \* \* \* A different rule applies, however, where the plaintiff's voluntary dismissal or discontinuance of the action or the dissolution of the injunction is made with the consent of the defendant, or where the suit is dismissed, not by the voluntary act of the plaintiff therein, but by the voluntary joint action of both plaintiff and defendant without any legal determination of the merits of the controversy or the rightfulness of the injunction".

We refer again to Pierce v. Campbell, supra. In this case the defendants were enjoined against maintaining a boarding house in violation of zoning restrictions. Before final hearing defendants moved out. The question became moot and the injunction was dissolved. The trial court specifically found for plaintiff on the merits, but in its opinion the appellate court said, 274 S.W. at page 876: "It has always been the law, and our said statute has not changed it, that where an injunction is rightfully awarded, but afterwards properly dissolved upon matters done or arising after it, no damages can be recovered (Sutherland on Damages, vol. 2, p. 78), and that to recover damages on an injunction bond it must be made to appear that such injunction was wrongful in its inception, or at least was continued owing to some wrong on the part of plaintiff. Therefore parties whose wrongdoing caused the issuance of the writ cannot justly complain of not being allowed expenses in an action made necessary to remedy or readjust a situation for which they alone are responsible. Scott v. Frank, 121 Iowa 218, 96 N.W. 764; Town of Dadeville v. Wynn, 14 Ala.App. 418, 70 So. 197; Massie v. Sebastian, 4 Bibb, Ky. [433] 437; Findlay v. Carson, 97 Iowa 537, 66 N.W. 759; New York, W. S. & B. Ry. Co. v. Omerod, 29 Hun, N.Y., 274; Palmer v. Foley, 71 N.Y. 106".

In Hecht Bros. Clothing Co. v. Walker, supra, defendants were enjoined against picketing plaintiff's factory. We quote further from this case (279 S.W. at page 1061 of the opinion): "However, plaintiff in its brief suggests that the decision of the chancellor in the injunction suit, dissolving the temporary injunction and dismissing plaintiff's bill, was not by reason of the fact that the restraining order and the temporary injunction were improvidently granted, but because an injunction was no longer necessary, inasmuch as defendants in their amended answer, filed November 15, 1922, had stated that, since the granting of the temporary injunction, all picketing of plaintiff's factory had ceased, and that it was not their intention to resume picketing or to boycott plaintiff, and that their members were at liberty to accept employment from plaintiff. *Did the final decree in fact show that plaintiff's assumption is correct,* we would unhesitatingly say that defendants were not entitled to have damages assessed on the bonds, for, while ordinarily the dissolution of an injunction determines that it was improperly granted and a right of action immediately accrues on the bond, such is not the case where, in the final decree, it is found that the injunction was properly issued, but, *because of some subsequent action on the part of defendants,* its continuance has become unnecessary, and it is accordingly

dissolved. Pierce v. Campbell, supra. But, in the case at bar, the decree recites unequivocally that plaintiff was not entitled to the temporary injunction, and we may not go behind the decree to speculate as to what was in the mind of the court when the order was made". (Italics supplied.)

Defendants rely strongly on two Mississippi cases to sustain their position that inasmuch as the suit was dismissed it must follow that the temporary injunction was improvidently granted. Campbell v. Stauffer, 166 Miss. 304, 146 So. 872, was a suit by a school superintendent to enjoin the defendant school trustees from interfering with plaintiff's exercise of his duties as school superintendent. Defendants, prior to the expiration of the school term, filed a motion to dissolve and allow damages. Before this motion was passed on, the school term ended. The suit was dismissed and the defendants were allowed damages, including attorney fees. In Matheny v. Simmons, 165 Miss. 429, 139 So. 172, the court clearly found that the temporary injunction had been wrongfully issued and allowed attorney fees. Neither of these two Supreme Court of Mississippi cases either jurisdictionally or factually rule our particular case. In one it was squarely found that the original injunction was wrongfully issued. In the other, while defendant's motion to dissolve and assess damages was pending, the school term ended and there was no longer anything to enjoin. But the passage of time and not some affirmative act by defendants brought such moot status into existence.

We believe that under the record before us the following factual conclusions are inescapable: (1) The injunction restrained completion of one definitely described contract; (2) Defendant City and City Officials by written answer and by oral declaration in open court stated that the bid had been rejected; that the enjoined contract would not be entered into, and that nothing was left for the court to pass upon; (3) The lawsuit was dismissed as to defendant City and City Officials not because plaintiffs had abandoned their position, but rather because such defendants voluntarily placed themselves in compliance with such position; (4) As to defendant Beadnall, plaintiffs voluntarily filed a motion to dismiss without prejudice. There was no affirmative action taken by Beadnall which made the issues moot. The trial court in a measure recognized this by entering a judgment that Beadnall have and recover his costs from the plaintiffs. The cases herein cited are authority for the proposition that the dissolution of an injunction or the dismissal of it by the plaintiff without the connivance of the defendant, and where no affirmative act on his part brought it about amounts to a determination that the injunction was wrongfully obtained as to him.

Such a conclusion was reached as early as 1896 in Sharpe v. Harding, 65 Mo.App. 28, loc. cit. 29, where the Springfield Court of Appeals said: "The voluntary dismissal of the petition is conclusive against the plaintiffs as to the wrongful restraint of defendants, to the extent of recovering expenses incurred in defending against it. * * * *". The same conclusion was arrived at as late as December, 1957, by the same court in Sullivan v. Winer, Mo.App., 307 S.W.2d 704, loc. cit. 707–708. The court there said: "The general rule is that the dissolution of an injunction amounts to a determination that the injunction was wrongfully obtained, and a right of action on the injunction bond immediately accrues to the defendant. Pierce v. Campbell, 217 Mo.App. 179, 274 S.W. 875; High on Injunctions, 4th Edition, Vol. 2, § 1665, p. 1616".

It is our opinion and we hold that as to defendant Beadnall plaintiffs voluntarily dismissed without any connivance or affirmative act on his part and that under this record, the injunction was improvidently issued as to him. With respect to the defendants City and City Officials it is our opinion and we hold that as to them the injunction was dissolved and the cause dismissed because of the affirmative act on

their part in coming into compliance with the very thing that was the subject matter of the injunction. These views and holdings are determinative of this appeal. It is not, therefore, necessary to determine whether or not St. Joseph, Missouri, City Officials sued in their official capacity, are entitled to employ private counsel and be reimbursed for attorney fees so incurred.

The judgment of the trial court overruling the defendant City and City Officials' motion for allowance of attorney fees as damages herein is affirmed. The judgment overruling the defendant Beadnall's motion for allowance of attorney fees as damages is reversed and as to him the cause is remanded with directions to sustain the motion, determine what sum would amount to a reasonable attorney fee and enter judgment therefor.

SPERRY, C., concurs.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.