REDEMPTION BOND, LOT 231 BRIDLESPUR, 2ND PLAT, Respondent,

v.

**Robert I. ADELMAN, Appellant.**

**No. WD 36217.**

Missouri Court of Appeals, Western District.

June 25, 1985.

Robert I. Adelman, Kansas City, pro se.

Timothy K. McNamara, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

LOWENSTEIN, Judge.

This appeal involves the foreclosure sale by Centerre Bank of a deed of trust held on Lot 231 Bridlespur Addition, owned by Betty and Robert Adelman in Jackson County, Missouri. This deed of trust was attacked by Betty Adelman in a companion case, *Adelman v. Centerre Bank of Kansas City*, No. 35921 slip opinion (Mo.App.W.D. June 25, 1985), where this court held the deed to be valid as to both the husband's and wife's interest. As set out in the opinion in case No. 35921, the Adelman's executed a security agreement and deed of trust on this real estate concurrent with the obtaining of a loan to a corporation of which they were the principal officers, director's and shareholders.

At the foreclosure sale, Centerre purchased the property and the Adelmans gave Centerre their written notice of intent to redeem in accordance with § 443.410 RSMo 1978. A redemption bond was approved for $8,500 and when a year passed without the Adelmans redeeming the property, Centerre moved to assess damages on the bond. The trial court entered a judgment for damages of $6,764.59 against the bond which included $1,802.50 for attorney fees and $175.00 for appraiser fees. The Adelmans contend neither attorney or appraiser fees should have been included in the judgment. The standard of review is as a court-tried case.

In this state, attorney's fees are not recoverable by a successful litigant unless: (1) provided for by statute or contract; (2) in very unusual circumstances where equity demands a balance of benefits; or (3) when incurred because of involvement in collateral litigation. *Cimasi v. City of Fenton*, 659 S.W.2d 532, 537 (Mo.App.1983); *Porter v. Hawks Nest, Inc.*, 659 S.W.2d 786, 789 (Mo.App.1983); *Forsythe v. Starnes*, 554 S.W.2d 100, 111 (Mo. App.1977). Also, attorney's fees generally are not considered as costs. *Schoemehl v. Whaley*, 598 S.W.2d 607, 609 (Mo.App. 1980). Centerre makes no argument for and the facts here do not support the award of fee's as damages because of unusual circumstances or collateral litigation. There is no contention that the redemption bond or deed of trust provided for attorney's fees, so the alternative source would be the applicable statute. The second sentence of § 443.420 RSMo 1978 reads in pertinent part:

> Said security shall be by bond executed by the person or persons so entitled to redeem with at least one good surety in a sum amply sufficient to *cover the aggregate of all said sums exclusive of the principal debt or obligation, but including damages and interest,* to be so absolutely paid in event redemption is not made and the aggregate of all such shall be the measure of damages to be paid in satisfaction of said bond if such redemption is not made. (Emphasis added.)

Since the statute only uses the term "damages" and contains no specific authorization for attorney fees, this court finds such fees are not recoverable.

Centerre would have this court by anology apply the result reached in situations dealing with injunction bonds. But as was

pointed out in *Kelder v. Dale,* 313 S.W.2d 59, 62 (Mo.App.1958), attorney's fees are allowable only in those instances where the injunction was improvidently granted, the underlying principle being that "defendant has been compelled to employ such aid in getting rid of an unjust restriction forced upon him by the act or acts of plaintiff." Unlike injunctions, a redemption period is a statutory right of the property owner and none are ever "improvidently granted." Thus the foreclosure sale purchaser, Centerre, cannot be said to have an "unjust restriction" placed on it which it is forced to employ attorneys to get rid of. Every purchaser must wait the full year before it can recover on the bond. Thus the *Kelder* decision simply does not extend to redemption bonds.

As to granting of the appraiser's fee, there is no case law on point. The appraisal in question was obtained pursuant to a requirement of the National Bank Examiners for an "independent appraisal" to be made annually on this asset carried on the bank's books. The question is one of statutory interpretation: does earlier language of § 443.420 mentioned with regard to attorney's fees limit what costs can be included in "damages" as set out the last sentence *supra.* The first sentence reads as follows:

No party shall have the right of redeeming from any such sale as set forth in section 443.410 unless he shall have given the written notice specified in said section and shall within twenty days after such sale give security to the satisfaction of the circuit court of the county in which the land is located for the payment of the interest on the debt or obligation secured by the mortgage deed of trust under which the sale is made to accrue within such year after the sale is made, *and for the payment in full of legal charges and costs of the sale,* and for the payment of all interest accured prior to the sale or thereafter which the purchaser at the sale or his representatives or assigns may pay on any prior encumbrance on the land, as *well as the interest which may accrue thereon dur-*ing such year allowed for redemption whether so paid or not and *all taxes and assessments* and *interest and costs thereon whether general or special accrued or accruing during such year allowed for redemption and whether paid by the purchaser at the sale or not together with interest at rate of six per cent per annum on all sums so paid by the purchaser or those claiming* under him and *for damages for all waste committed or* suffered by the party giving such security or those claiming under him during such year unless said property is so redeemed, and it shall be necessary to pay for such redemption all such sums to which the purchaser or those claiming under him should be entitled with interest as aforesaid. (Emphasis added.)

As candidly admitted by the Bank the two sentences making up § 443.420 do not amount "to a beacon of clarity". The appraisal as required by bank regulations is not deemed to be damages recoverable under the land under this statute. Expenses of litigation such as abstractors or surveyor's fees are not ordinarily recoverable as damages. *Gerst v. Flinn,* 615 S.W.2d 628, 632 (Mo.App.1981). Without statutory authorization in this case no attorney's or appraiser's fees should have been recoverable. It was an erroneous application of law to do so. The portion of the judgment for the attorney's fees and appraisal is reversed while the remainder of the judgment is affirmed.

All concur.