STATE OF MISSOURI, APPELLANT, v. J. B. VAN PATTON, RESPONDENT.—
94 S. W. (2d) 1119.

Springfield Court of Appeals.   May 20, 1936.

*E. W. Allison* for appellant.

*J. Ellis Walker* for respondent.

SMITH, J.—This is an appeal by the State of Missouri, from a: judgment of the circuit court, quashing an information. The informa-- tion as filed and under which the defendant was charged, is, omitting: caption, as follows:

"E. W. Allison, Prosecuting Attorney, within and for the County of Phelps and the State of Missouri, upon the affidavit of J. A. Snelson, hereto attached, and upon his information and belief, informs the court that at all the dates hereinafter mentioned there was, and now is, a certain private road in the said County of Phelps, duly dedicated and authorized by the County Court of said County and used by the general traveling public, which is and was at all times hereinafter mentioned free and open to the use of the general traveling public, which said road is not known or designated by any particular name but is set out and described, as follows, as will more fully appear in the office of the County Clerk of said County, to-wit:

## DESCRIPTION OF ROAD OMITTED

"Which said road was laid out and established pursuant to the laws of the State to be used particularly by J. A. Snelson as a private way of necessity and in general for the use of the public of this State to pass and travel upon at their will and pleasure; that on or about the thirty-first day of July, and continuing thereafter at various and divers dates up to and including the 12th day of August, 1934, the defendant, J. B. Van Patton, at and in the County of Phelps and the State of Missouri, at and along the said road described, and across the traveled portion thereof, did unlawfully, injuriously, wilfully and knowingly dig and excavate ditches across said road of the length of about fifteen feet and the width of about ten inches and of the depth of about ten inches, and further obstructed said road by plowing across the traveled portion thereof, by means of which said obstruction the road was, during the time aforesaid, so obstructed that the people in general and J. A. Snelson in particular, could not pass over nor travel upon the same so freely as they were wont to do, to the·

great hindrance and inconvenience of the said J. A. Snelson and the traveling public in general; against the peace and dignity of the State.

"E. W. Allison,

"Prosecuting Attorney.

"J. A. Snelson, being duly sworn upon his oath, states that the facts stated in the above and foregoing information are true.

"J. A. Snelson.

"Subscribed and sworn to before me this the 15th day of August, 1934.

"Wes Smith, Circuit Clerk

"H. B. Perry, Deputy Clerk."

The motion to quash is, caption omitted, as follows:

"Now this day comes the defendant, J. B. Van Patton, in the above entitled cause, by J. Ellis Walker, his attorney of record, now and here moves the court to quash the information herein and discharge the defendant, J. B. Van Patton, for the following reasons apparent upon the face of the information.

I.

"Because said information does not charge the defendant with any offense known to the law.

II.

"Because the facts stated in the information are not sufficient upon which to base or rest a judgment for conviction.

III.

"Because the information does not charge the defendant with any offense known to the law of the State of Missouri.

IV.

"Because said information is not signed, verified, attested or has not the jurat of the Prosecuting Attorney, as required by Secs. 3504-3505-3540, R. S. 1929.

"J. Ellis Walker,

"Attorney for Defendant."

The motion was ruled on by the court and the following entry made "motion to quash information sustained and information quashed."

Motion for rehearing was filed and overruled, and the State appealed to this court.

The trial court did not designate upon which ground it quashed the information, so it is necessary for us to consider all the grounds set out in the motion. The last or fourth ground of the motion is that the information is not signed, verified, attested, or has not the jurat of the prosecuting attorney as required by the statutes.

The information is signed by the prosecuting attorney, and is supported by the affidavit of a person competent to testify, which is in keeping with the provisions of Section 3504, p. 3126, Mo. Stat. Ann.,

1929, and is in the exact form as the copy of information set out in Section 3506 of our statutes. If there had been any such defect, it could have been corrected as provided by Section 3508 of the statutes. [State v. Nichols, 39 S. W. (2d) 777.] We think there is no merit to this contention.

The first and third grounds set up in the motion are that the information does not charge the defendant with any offense known to the law of the State of Missouri. And the second ground is that under the information the facts alleged are not sufficient upon which to base or rest a judgment for conviction. The defendant in his brief and argument considers these grounds together and says, "It is the contention of the defendant in this case that the information filed against him in the trial court charges solely the obstruction of a private road. Therefore, the said information does not charge the defendant with any crime known to the law of this State."

The State contends that the information is good in that it charges the defendant with a crime as denounced by Section 7932 when read in connection with 7891, Revised Statutes 1929, and that the order or ruling of the trial court in quashing the information was error.

We have been cited several cases by both the defendant and the State, but not a one of them is a case where a person had been charged with obstructing a highway such as this one, nor have we found such a case. So far as we have been able to find this is the first time where a case exactly like this has been before the appellate courts of this State, wherein, the defendant has been charged with obstructing a road established by the county court, which road was designated as a private road.

In 50 Corpus Juris, at page 379, we find this language, "A private road is distinguished from a public highway in that the expense of laying it out is not borne by the public at large, but by the individual or individuals for whose accommodation chiefly it is laid out." Nowhere do we find any holding to the effect that such a road is established *exclusively* for the individual for whose accommodation it was laid out.

Private roads may be established under the provisions of Section 7842, Mo. Stat. Ann., 1929, and there must be a strict compliance with the statute in establishing said roads. [Chandler v. Reading, 107 S. W. 1039; Richter v. Rodgers, 37 S. W. (2d) 523.]

The defendant sets out in full in his brief the judgment of the county court for the purpose of showing this road was established as a "private road." That is strictly speaking not properly before us in this case, but it does show some things of interest. It sets out the exact description of the road as set out in the information, it also shows that commissioners were appointed, and that J. B. Van Patton was awarded damages for this road and was paid the damages for establishing the very road which he is charged with obstructing.

The prosecuting attorney, representing the State, claims this information is based on Sections 7932 and 7851 of our statutes; that these sections should be considered together. Section 7932 provides the penalties for obstructing any public road. It is noted that it does not say any *county road*, but *any public road*. Section 7851 in providing for private roads when established by the county courts says, "Such road, when established, shall be free to be traveled by all persons *as a public road.*" (Italics ours.) The same section says that the county court shall have power to adopt such road as a county road when it considers such road of sufficient public utility. Such an act on the part of the county court may change it from a private road to a county road, but as we view it, it does not change it to a *public road*, for after it was established in the first instance, it was for private and public use, and was thus a public road. After such a road has been established at the instance and request of a private person, that private person cannot vacate such a road without an act of the county court. In other words, after the road has been established the public is so interested in it, that it cannot be vacated except by an act of the court, and that, too, upon strict compliance with the statutes. [Sec. 7853, Mo. Stat. Ann., 1929.]

Since Section 7851 provides that such road shall be free to be traveled by all persons as a public road, it is our conclusion that it is a public road; and since section 7832 provides that when any person shall willfully or knowingly obstruct any public road that he shall be deemed guilty of a misdemeanor, we are led to the conclusion that the defendant may be charged with an offense under the sections of our statutes, and that the court erred in quashing the information. It follows therefore that the judgment in this case should be reversed, and the cause remanded with directions to set aside the order or judgment quashing the information, and that the information stand as filed, and that the cause be proceeded with according to law.

It is so ordered. *Allen, P. J.*, and *Bailey, J.*, concur.