[1] This is a proceeding to establish a private road under the provisions of Section 8488, R.S.Mo. 1939, Mo.R.S.A. The action was originally filed in the County Court of Douglas County, Missouri, on the 23rd day of March, 1946, wherein a judgment established the road prayed for was rendered and said cause was appealed to the Circuit Court of Douglas County. The cause was then removed by change of venue to Howell County, where, on trial anew, on the 2nd day of February, 1948, the court dismissed plaintiff's petition and denied the relief prayed for therein. From this judgment denying plaintiff's prayer for the establishment of a private road, plaintiff appealed.
[2] Plaintiff's petition states that he is an inhabitant of the State of Missouri, and the owner of a tract of land in Douglas County, described as the southeast quarter of the southeast quarter of section 25, township 27, range 17; that no public road passes through or touches said tract of land and asks that a private road from his said premises to connect with the public road, to wit, Highway No. 14, be established at some convenient point. The petition then describes the road sought to be established, which is a strip of land 30 feet wide extending over defendant's land from plaintiff's land to the public road. The petition states that the road is a private way of necessity to him.
[3] Defendant's answer pleads that plaintiff had a private road along and adjacent to his premises and that the relief plaintiff seeks is not one of necessity. The answer further pleads that the County Court of Douglas County was without authority to render the judgment it made and, therefore, the Circuit Court had no jurisdiction to try said cause.
[4] In this opinion we will refer to the appellant as plaintiff and respondent as defendant.
[5] Plaintiff, under points and citations of authority, relies upon two grounds for reversal of the judgment of the lower court. Under Point I, plaintiff states that the county courts have a right to establish *Page 551 
private roads, if the petition was filed and notice was given before the first day of July, 1946, and cites Sections 2 and 5, Schedule of 1945 Constitution, Mo.R.S.A.
[6] Under Point II, plaintiff states that any resident land owner of the county, whose land is not touched, passed or crossed by a public road, and who has no open way of egress and ingress is entitled to a way of necessity.
[7] We here state the facts as shown by the evidence, which we believe necessary for the proper determination of the issues raised on this appeal.
[8] The evidence shows that plaintiff is the owner of the 40 acres of land described in the petition and was the owner at the time of the filing of his application for the establishment of a private road in Douglas County; that said land is located in Douglas County, of which county plaintiff was a resident at the time the petition was filed and still is; that the land is not touched or crossed by a public road. The evidence shows that plaintiff is the son of Labe Hartley, and makes his home with his father; that the 40 acres of land owned by plaintiff has no buildings thereon. The evidence further shows that prior to the acquiring of title to the land described in plaintiff's petition, from his father, Labe Hartley, said 40 acres was a part of a tract of land owned by plaintiff's father, which connected said 40 acres with the public road, to wit, Highway No. 14.
[9] Now the evidence shows that the private road sought to be established in plaintiff's petition herein, which leads across defendant's land connecting plaintiff's land with Highway No. 14, was formerly used by Labe Hartley prior to the acquiring of the 40 acres of land by plaintiff from his father; that defendant placed gates across said road leading from the 40 acres of land across defendant's land to the highway and that on the 7th day of November, 1945, the Circuit Court of Douglas County rendered a judgment in which it decreed that Labe Hartley had a limited easement and the right to travel such way and that Walter Brazeal, the defendant herein, had a right to maintain gates across such way.
[10] This judgment was not appealed from by Labe Hartley, plaintiff's father, but the evidence shows that after said judgment was rendered, Labe Hartley conveyed the 40 acres of land in question to the plaintiff herein, his son, who then brought this action to establish a private road, being the same road that the court had declared Labe Hartley had a limited easement over and a right to use in going to and from said 40 acres of land from Highway No. 14.
[11] The evidence shows that plaintiff and his father have been using the road they seek to establish as a private road in this suit, but that they have to open the gates in going from their land to the public road. The defendant has made no objections to the using of this road by plaintiff, already established from plaintiff's land to the public road, as long as the gates are there.
[12] The defendant testified that plaintiff could reach the public road in question by going 140 steps over the land of his father, which road connects the public road with the 40 acres his father conveyed to plaintiff and which is the land in question. The defendant testified that the distance from plaintiff's 40 acres of land to the public road across his land is about 75 yards.
[13] On cross examination defendant was asked these questions and giving his answers, as follows:
[14] "Q. Mr. Brazeal, this road that is in question that we are having this lawsuit about, that has been used by Mr. Hartley for a long time? A. Yes, sir.
[15] "Q. Labe Hartley? A. Yes, sir.
[16] "Q. He put a fence across it and the sheriff came out and took it down? A. Yes, sir.
[17] "Q. You put up some gates? A. Yes, sir * * *.
[18] "Q. It is nearer to the county road to go across your land than across Labe's? A. A little, yes, sir.
[19] "Q. Nearly one half the distance, isn't it? A. Yes, sir, but he never goes west."
[20] There was testimony that the road proposed over Labe Hartley's land had a hill to cross and that part of it was fairly rough and that the distance to the public *Page 552 
road was 140 yards, while the distance across defendant's land to the public road was only 75 yards.
[21] The judgment of the trial court, rendered on the 2nd day of February, 1948, is as follows: "The court doth find that the plaintiff is not entitled to the relief prayed for in his petition and the court doth further find that a way of `necessity' now exists."
[22] Plaintiff's first assignment of error that the county court of Douglas County had a right to establish a private road if the petition was filed and notice was given before the first day of July, 1946, is really not an issue in this case. The defendant does not raise this issue in his brief nor does he argue the matter. There is no merit in the contention that the county court was deprived by the new Constitution of jurisdiction and power to hear this cause. Sections 2 and 5, Schedule of 1945 Constitution of Missouri.
[23] Plaintiff's second assignment of error raises the only question in this appeal. Under this assignment plaintiff contends that any resident landowner of the county, whose land is not touched, passed or crossed by a public road, and who has no open way of egress and ingress is entitled to a way of necessity.
[24] Section 8488, R.S.Mo. 1939, Mo.R.S.A., provides how private roads may be established. That section reads as follows: "If any inhabitant of this state shall present a petition to the county court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county * * * and that no public road passes through or along side said tract or lot of land, and asking for the establishment of a private road from his or her premises, to connect at some convenient point with some public road of the county, or with any road of the state highway system within the county, in which the proceedings are had, and shall describe the place where said road is desired, and the width desired, not exceeding forty feet, the court shall appoint three disinterested commissioners to view the premises and to mark out the road, and to assess the damages to the owner or owners of the land through which it will pass."
[25] In the case of Chandler v. Reading, 129 Mo.App. 63, 107 S.W. 1039, 1041, the St. Louis Court of Appeals made the following statement of law relative to this statute: "It has been repeatedly held that the statute must be strictly construed, and that it must appear that the road proposed is a way of necessity."
[26] In State v. Van Patton, 230 Mo.App. 1199, 94 S.W.2d 1119, 1121, this court stated the law thus: "Private roads may be established under the provisions of section 7842, R.S. 1929, Mo.St.Ann. § 7842, p. 6743 [Mo.R.S.A. § 8488], and there must be a strict compliance with the statute in establishing said roads."
[27] In Cox v. Tipton, 18 Mo.App. 450, the court holds that a proceeding to establish a private road is a proceeding in invitum "against common law and against common right" and must be strictly construed. The court holds that way of necessity means not a way of convenience, but a way of strict necessity. The court also holds in this case that the fact that the way is one of necessity, is a jurisdictional fact, and must be alleged and approved affirmatively. The court cites Colville v. Judy, 73 Mo. 651.
[28] In Cox v. Tipton, supra, the court holds the law to be that if the plaintiff has a practicable way to and from his land, either private or public, he has no right by necessity to a way over defendant's land. The court further holds that "a way" as here meant, is a legal way, a way to which one has a legal right which he may protect by law.
[29] In Richter v. Rodgers, 327 Mo. 543, 37 S.W.2d 523, 526, 527, the Supreme Court held that by express provisions of our statute, an appeal from a county court removes the case to the Circuit Court where it is tried de novo. The court held the law to be that to establish a private road it must be shown that it was a way of necessity and that fact is jurisdictional because it is taking of private property for private use. Therefore, under the Constitution, this cannot be done unless it is a way of necessity. *Page 553 
We quote from the court, 37 S.W.2d on page 528 of its opinion: "Defendants insist that the case of Cox v. Tipton, 18 Mo. App. 450, holds that it is a complete defense to establishing a designated way of necessity to show that there is another more available road, and less expensive in damages, which is responsive to plaintiff's demand for a way of necessity, but we do not so read that case. It is there said that `the fact that the way is one of necessity, that is, strict necessity and not mere convenience, is a jurisdictional fact and must be alleged and proved affirmatively.' But the court also said: `From all the authorities referred to, it is clear that when a way is claimed of necessity, it is a good answer to show another way which the party may use.' And, further, that `a way, as here meant, is a legal way, to use which one has a legal right, which may be enforced and which may not be rightfully interferred with.' The court there held no more than if it be shown that the plaintiff already has a road open and in use over which he has acquired an enforceable easement then he is not in a condition to demand a way of necessity."
[30] The case of Belk v. Hamilton, 130 Mo. 292, 299, 32 S.W. 656, merely holds that where a judgment was rendered establishing a private road and the petition only pleaded that no public road passed through or touched the land that that judgment was good as against collateral attack because the petition failed to state that the road was one of necessity.
[31] Plaintiff cites Walton v. St. Louis, Iron Mountain Southern R. Co., 67 Mo. 56. This is an action for double damages for killing cattle at a railway crossing of a private road. This case holds that a private road is a highway, a public highway, within the meaning of Section 5, of the Damage Act, Mo.R.S.A. § 3655. In other words, a private road is one in which the public can travel.
[32] It is the contention of the appellant that he is entitled to a way from his land to a public road and that that way should not be obstructed or interfered with by the maintaining of gates across the same; that his way should be free, open and unmolested, to travel just the same as a public road and to be on the same level as a public road.
[33] We cannot agree with this contention. Under the facts in this case, at the time plaintiff acquired the 40 acres of land described in his petition, and a long time prior thereto, a private way, in fact the very road plaintiff seeks to establish in this case, was used to reach plaintiff's land. At the time this road was being used plaintiff's father owned the land plaintiff now owns, as a part of a larger farm. While the father owned the land, the defendant herein placed gates across the private road serving this land and the evidence shows that Labe Hartley, the father of plaintiff, went into the Circuit Court and filed an action to enjoin defendant from interference with the use of this private road to the 40 acres of land in question. The evidence shows that the court, in that action, found that the owner of the 40 acres of land at that time, Labe Hartley, was entitled to a limited easement over the defendant's land and over the exact road sought to be established herein, and, was entitled to the legal use of the road in going to and from said 40 acres of land and that right is conceded to the plaintiff herein to pass over the very road that he seeks to establish as a private road from the public road to his 40 acres of land, and plaintiff had that right at the time of the institution of this suit. This right was a legal right. The plaintiff, therefore, had an enforceable easement over the road he now seeks to establish connecting his land with the public highway and we hold that the trial court was justified in finding that plaintiff could not demand a way of necessity because he already had a right-of-way from his land to the public road, in fact, the very same right-of-way that he seeks to establish. We think this conclusion is clearly justified by the law as laid down in Richter v. Rodgers, supra, cited by appellant, in which the court stated that where the plaintiff already has a road open and in use over which he has acquired an enforceable easement then he is not in a condition to demand a way of necessity. *Page 554 
[34] The respondent, under his points and authorities, raises two other points which, under the facts in this case, might be said to justify the court's finding that way of necessity over defendant's land did not exist.
[35] The first point raised by respondent is that since the original tract of land touched the county road, in order to evade a judgment of the Circuit Court of Douglas County, the father of the appellant could not convey a part of the original tract to the appellant merely for the purpose of establishing a private road. The second point is that if appellant is entitled to a private road, such should be established over land of plaintiff's father. We will consider these points together.
[36] 19 C.J. 926, Sec. 121, states the law as follows: "As a consequence of the rule stated this necessity must not be created by the party claiming the right of way. A grantee cannot so change the uses of land as to convert a way of convenience into a way of necessity. Nor can he create such necessity by subdividing and selling separate portions thereof." See also 28 C.J.S., Easements, § 35.
[37] Labe Hartley, at the time he conveyed the 40 acres of land to his son, was the owner of a tract of land, including this forty, which bordered on the public road. In Bussmeyer v. Jablonsky, 241 Mo. 681, 145 S.W. 772, 776, 39 L.R.A., N.S., 549, Ann.Cas. 1913C, 1104, the court states the following law: "It follows that a party cannot have a way of necessity through the land of another when the necessary way to the highway can be obtained through his own land, however convenient and useful another way might be. And the same is true where he has a prescriptive right of way left over the land of another. A way of necessity is derived from the law and depends solely on the situation and boundaries of the land to which it is claimed to be appurtenant as they existed at the time of the conveyance."
[38] Thus, if Labe Hartley's land touched the highway, as the evidence shows that it did, and that at the time of the conveyance to his son he subdivided the land for the purpose of obtaining a way of necessity over the defendant's land, then, under the law, we think the court would have been justified in saying that an easement by implication over the lands retained by Labe Hartley passed with this 40 acres of land so conveyed. From the evidence in this case, the court would have been justified in denying relief to the plaintiff because plaintiff had an easement by implication over the land of his father to the highway.
[39] Judgment affirmed.
[40] VANDEVENTER, P. J., and BLAIR, J., concur.