Gary F. ROGERS, et al.,
Respondents/Cross–
Appellants,

v.

Robert S. BROCKLAND,
et al., Appellants.

No. 76775.

Supreme Court of Missouri,
En Banc.

Dec. 20, 1994.

Rehearing Denied Jan. 24, 1995.

828

Merle Silverstein, Clayton, W. James Nabholz, III, Anthony Claiborne P. Handleman, Lawrence J. Bannes, Anthony Christian E. Cassimatis, Robert B. Hoemeke, Mary B. Schultz, Yvette M. Guerra, Steven Garrett, and Richard Ciottone, Christian A. Bourgeacq, St. Louis, for appellants.

William J. Travis and Gary A. Eberhardt, St. Louis, for respondents/cross-appellants.

PRICE, Judge.

■ This is an appeal from a decision of the Circuit Court of St. Louis County partially vacating a private road.[1] The appellants claim that a number of landowners abutting the private road and the other landowners in the Essex Point and Huntington Farms Subdivisions were indispensable parties who should have been joined to the proceedings. We hold that an action to vacate a private road is strictly controlled by statute and that § 228.450, RSMo1986,[2] requires notice to all landowners through which the private road sought to be vacated passes. Because this notice was not given to the landowners directly abutting Sellenrick Road or to other landowners within the subdivision whose land was originally serviced by Sellenrick Road and whose access via Sellenrick Road to Clayton Road would be destroyed by the vacation, the case is reversed and remanded.

## I.

Sellenrick Road is a private road established in 1874 by order of the St. Louis County Court to provide access to Clayton Road for farms then owned by Frank Sellenrick and Rudolph Woestmann. In 1973, the Huber family purchased thirty-two acres of the Sellenrick and Woestmann property. The Hubers' only access to Clayton Road was through Sellenrick Road.

■ In 1986, Essex Point Development Company acquired thirty acres of the land abutting Sellenrick Road and developed the land into Essex Point Subdivision. The subdivision plat, approved by Town and Country, shows the extension of Sellenrick Road into Essex Point Subdivision through a stub road. During the construction of Essex Point, the stub road was used to access Sellenrick Road and thereby Clayton Road. In

---

1. See maps attached as Appendix A and B.

2. All statutory citations are to RSMo 1986.

November of 1987, however, the City of Town and Country issued a stop order prohibiting the paving of Sellenrick Road for use as normal ingress and egress for the property owners of the subdivision.[3]

In 1990, the trustees of Essex Point Subdivision (Trustees) paved the stub road and a portion of Sellenrick Road abutting lots 2 and 3. This action apparently prompted thirty-six other landowners who reside in subdivisions along Sellenrick Road between the Essex Point Subdivision and Clayton Road (Plaintiffs) to file this lawsuit. For purposes relevant here, Plaintiffs brought suit against the three Trustees, but not against the individual landowners within the Essex Point Subdivision, three of whose property directly abuts Sellenrick Road, or the Huntington Farms Subdivision. The court granted both temporary and permanent relief, ultimately vacating a portion of Sellenrick Road from the southeastern corner of Essex Point Subdivision to Clayton Road.[4]

The parties have identified the central issue before the Court as whether the landowners of Essex Point Subdivision and Huntington Farms Subdivision are necessary and indispensable parties pursuant to Rule 52.04. More specifically, however, this case revolves around whether those landowners were required to be notified of the proceedings to vacate in accordance with § 228.450.

## II.

■ A variety of methods to obtain access to and from parcels of land is available under Missouri law. · Common law provides for easements to establish rights-of-way, i.e., easements by implication, prescriptive easements and easements of necessity. *See Gerken v. Epps*, 783 S.W.2d 157, 160 (Mo. App.1990); *Johnston v. Bates*, 778 S.W.2d 357, 361 (Mo.App.1989); *Fortenberry v. Bali*, 668 S.W.2d 216, 219 (Mo.App.1984); *McDou-*

*gall v. Castelli*, 501 S.W.2d 855, 858 (Mo.App. 1973). Statutory law provides for the establishment of public and private roads. §§ 228.010 to 228.480. The rights and obligations as well as the requirements for establishing and vacating each such easement or road differ depending upon the type of easement or road at issue.

Sellenrick Road was established as a private road in 1874 by order of the St. Louis County Court. In *Reading v. Chandler*, 269 Mo. 589, 192 S.W. 94, 95 (1917), this Court discussed the particular characteristics of a private road and the substantive standard for vacating a private road, stating:

It may be conceded that it has been announced in the text-books and the cases that private roads are ways of necessity, and when the necessity ceases the private way should cease. But these texts and cases aid us but little in this case, because we must deal with our own statutes. These statutes seem to have added some to the things requisite to put at an end a private way once established. Our statute for the establishment of a private road (section 10447, R.S. 1909) provides that the person seeking such a way can apply for such a way "to connect with some public road * * * at some convenient point." The idea of convenience runs through the whole matter like a silver thread. When we come to the statute (section 10457, supra) under which this action is brought, we find the same silver thread. There it is said the private way may be vacated if it be made to appear that the landowner has at the time, "convenient and practical" access to his land from a public road. Mere access to a public road, under this statute, is not sufficient to authorize the vacation of a private road. Such access must be "convenient and practical," and whether it is "convenient and practical" is a question for the trier of the fact to determine from the evidence.

---

3. City regulations or ordinances cannot result in the vacation of a private road. Sections 228.340–228.480 are the sole statutory authority for such action. However, the extent to which city regulations or ordinances validly restrict the usefulness of a private road may be considered as evidence in the vacation proceeding.

4. Plaintiffs also sought relief by five other counts. One count was withdrawn and the remaining four were held mooted by the court's ruling on vacation. An additional cross-claim was filed by other landowners regarding encroachment of a portion of the road upon their property.

Subsequently, in *State v. Van Patton*, 230 Mo.App. 1199, 94 S.W.2d 1119, 1121 (1936), it was further noted that a private road "cannot be vacated except by an act of the court, and that, too, upon strict compliance with the statutes."

### III.

■ For the time period relevant to this controversy, the applicable statutes for private roads were §§ 228.340 to 228.480.[5] Section 228.450 governs the procedure for vacating a private road. It provides that "[n]otice of such proceeding shall be given in the manner provided by sections 228.340 to 228.480 for giving notice of actions to establish a private road." *§ 228.450.* Section 228.360 governs which landowners must be served when establishing a private road. The relevant portion of that statute states that:

> Upon the filing of the petition, for the establishment of a private road or for the widening of a private road already established, *a summons shall issue and shall be served together with a copy of the petition upon the owner or owners of the land through which the road is proposed to pass,* in the manner required for the issuance and service of summons in civil cases.

*§ 228.360* (emphasis added). Section 228.450 then continues to provide that:

> If there be no remonstrance[6] filed on or before the day set for the hearing of the cause, the court may make an order vacating such road at the expense of the petitioners; but if a remonstrance be filed . . . the court may, after hearing the cause, make an order vacating the road or dismissing the cause on such terms in either case as to the court may seem just.

■ Here, it is conceded by plaintiffs that they did not provide statutory notice to the three Essex Point Subdivision landowners whose land immediately abuts Sellenrick Road (lots 1, 2 and 3) or to the other Essex Point Subdivision landowners. They assert that notice was not necessary because these individuals did not live along the portion of the road that was sought to be vacated. That is, the portion of the road immediately south of the subdivision is necessary to provide access to Clayton Road.

■ Section 228.450, however, does not provide any special exception for partial vacations when it incorporates the notice provisions of § 228.360. A partial vacation may, as here, destroy the landowner's access to the nearest public road as completely as if the entire road were vacated. This is so regardless of whether the landowner lives along the portion of the road vacated. Because actions to vacate roadways deprive all those landowners having access to the private road, as well as the public's interest in the private road pursuant to § 228.430, courts are required to address such proceedings "upon strict compliance with the statutes." *Van Patton*, 94 S.W.2d at 1121; *see also Young Women's Christian Ass'n v. La-Presto*, 169 S.W.2d 78 (Mo.App.1943); *Quirk v. Sanders*, 673 S.W.2d 850 (Mo.App.1984). We cannot read § 228.450 in any way other than to require notice to all landowners through which the road passes and for whom vacation of the road would destroy access to the connected public road.[7]

### IV.

It is clear that the owners of the three subdivision lots directly abutting Sellenrick Road required statutory notice. Even though they did not live along the portion of

5. These statutes were repealed after the filing of the suit but before the circuit court issued its judgment. Both parties acknowledge that these statutes nonetheless control this action in accordance with the statutory savings provisions of §§ 1.170 and 1.180. *See Protection Mutual Ins. Co. v. Kansas City*, 551 S.W.2d 909, 912 (Mo. App.1977); *Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 159 (Mo.App.1983).

6. "Remonstrance" is defined in Black's Law Dictionary 1295 (6th ed. 1990) as: "Expostulation; showing of reasons against something proposed;

a representation made to a court or legislative body wherein certain persons unite in urging that a contemplated measure be not adopted or passed."

7. This does not mean that the individuals who receive notice must continue to participate in the lawsuit. Section 228.450 provides a method of notification and "opting in" if a land owner through which the road passes desires to protect their interest in the road.

Sellenrick Road sought to be vacated, the vacation of that portion of the road will destroy their access to Clayton Road.[8]

Whether the remaining subdivision landowners must receive notice is a more difficult issue. The land they own no longer directly abuts Sellenrick Road. However, a significant portion of the subdivision was divided from a single tract of land that originally abutted and benefited from the road.

 In an analogous situation, Missouri courts have held that the benefit of an easement belonging to a dominant estate accrues to the benefit of all those purchasing a part thereof. *Fortenberry*, 668 S.W.2d at 219; *Karches v. Adolph Inv. Corp.*, 429 S.W.2d 788, 791 (Mo.App.1968). This rule should also apply to this situation, at least where the subdivision plat shows a stub road that would have extended the benefit of Sellenrick Road to all landowners within the original tract of the Essex Point Subdivision benefited thereby. The landowners of the part of the Essex Point Subdivision not part of the original tract cannot claim this statutory right, although the court may allow them to intervene, if so requested. We do not have sufficient information in the record to determine whether the landowners of the Huntington Farms Subdivision require notice. This issue may be addressed by the trial court upon remand.

### V.

Plaintiffs have also asserted a number of arguments why notice was not required even if otherwise required by the statute. First, they assert that a portion of Sellenrick Road has already been vacated by a judicial decree dated November 24, 1976. Certainly, if the road had been vacated at a previous time it would not need to be vacated now, nor would notice be required for those landowners who have already lost their access to Clayton Road. Unfortunately, the decree recites only the legal description of the portion of the road vacated, and we are unable to determine from the transcript or other exhibits the extent of the vacation as it might affect the rights of the various landowners to notice. This is a matter that may be addressed upon remand.

 Plaintiffs also argue that the trustees indicated to the court that they represented the absent landowners and cannot be heard to raise the objection as to failure to join those same individuals. Because strict compliance with the statutes is required to vacate a private road, *Van Patton*, 94 S.W.2d at 1121, failure to comply with the statutes deprives the Court of the authority to enter a final judgment granting that relief. *McClard v. Morrison*, 281 S.W.2d 592 (Mo.App.1955); *see also Mitchell v. Nichols*, 330 Mo. 1233, 52 S.W.2d 885 (1932); *Loveland v. Davenport*, 188 S.W.2d 850 (Mo.App.1945). Despite any representation made, until proper notice is provided pursuant to §§ 228.450 and 228.360, the court simply is without power to grant the requested vacation. We also reject plaintiffs' argument that lack of notice is remedied by not subjecting the party who did not receive the notice to judgment. Such a result would render the entire process meaningless as a practical matter.

 Plaintiffs also argue that the Hubers and Vescovos contracted to vacate Sellenrick Road and that the subdivision owners had granted to the trustees any interest they might have had in the streets of the subdivision and all appurtenances thereto. While these matters might be considered as to the merits of whether vacation should be granted, they are ineffective to actually transfer whatever interests the various landowners have in Sellenrick Road.

> After such a road has been established at the instance and request of a private person, that private person cannot vacate such a road without an act of the county court. In other words, after the road has been established, the public is so interested in it that it cannot be vacated except by an act of the court, and that, too, upon strict compliance with the statutes.

*Van Patton*, 94 S.W.2d at 1121.

Finally, plaintiffs set out a number of arguments on the merits and assert that the

---

8. The parties have not raised and we do not address whether the vacation of all or part of a private road involves a taking of a property interest subject to compensation pursuant to the Missouri Constitution.

trustees have "only attempted to raise a technical, procedural challenge. If the decision were to be reversed, and if the case were to be retried, the underlying facts and law will remain the same, and the same result would be reached on the merits". Perhaps. This, however, is a matter of speculation that we cannot consider. Until all proper parties are given the opportunity to participate, no one can guess what evidence will be introduced or what positions advanced.

Our statutes specifically have set out the procedure to be followed to vacate a private road. Those same statutes determine who the parties to such a proceeding might be and the manner of notice required. In this regard short cuts are not allowed.

The case is reversed and remanded for further proceedings in accordance with this opinion.

All concur.

APPENDIX A