Gary F. **ROGERS**, et al.,
Plaintiffs/Appellants,

v.

Vincent F. **STANEC**, Jr., et al.,
Defendants/Respondents.

No. 69362.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 1996.

Application to Transfer Denied
Sept. 17, 1996.

William J. Travis, Greensfelder, Hemker & Gale, P.C., St. Louis, for appellants.

Merle L. Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, Clayton, for respondents.

Thomas Hartmann, St. Louis, for respondent Southwestern Bell Tel. Co.

W. James Nabholz, Clayton, for respondent James MacDonnell.

Anthony E. Cassimatis, St. Louis, for respondent St. Louis Metropolitan Sewer Dist.

Claiborne P. Handleman, St. Louis, for respondent Union Elec.

Mark D. Pasewark, St. Louis, for respondents Charles and June Gallagher.

John King, St. Louis, for respondents Jeffrey and Ann Martin.

GARY M. GAERTNER, Judge.

Gary F. Rogers, et al. ("Plaintiffs"), appeal the judgment entered in St. Louis County Circuit Court dismissing Count I of their Second Amended Petition, an action to vacate part of a private road. We affirm in part and reverse and remand in part.

Sellenrick Road is a private road in the City of Town and Country which abuts the subdivisions of Essex Point and Huntington Farms, providing the residents therein access to Clayton Road to the south. Plaintiffs are a group of landowners whose properties abut Sellenrick Road where it runs from the southeast corner of Essex Point to Clayton Road.

On March 9, 1990, Plaintiffs filed an action to vacate Sellenrick Road pursuant to RSMo § 228.450 (1986)(repealed), which states:

When the owners and occupants of any tract or lot of land to which a private road has been opened from a public road through the lands of others has, after the opening of such road, been connected with a public road ..., the owners of the lands through which such private road was opened may file a petition with the circuit court of the proper county, reciting all the facts and praying for the vacation of such private road, it shall be the duty of the court to designate a day in the next term for the hearing of the cause. Notice of such proceeding shall be given in the manner provided by sections 228.340 to 228.480 for giving notice of actions to establish a private road. If there be no remonstrance filed on or before the day set for the hearing of the cause, the court may make an order vacating such road at the expense of the petitioners; but if a remonstrance be filed on or before the day set for the hearing of the cause, the court may, after hearing the cause, make an order vacating the road or dismissing the cause on such terms in either case as to the court may seem just.

RSMo § 228.360 (1986)(repealed) states in part:

Upon the filing of the petition, ... a summons shall issue and shall be served together with a copy of the petition upon the owner or owners of the land through which the road is proposed to pass, in the manner required for the issuance and service of summons in civil cases....

Plaintiffs served notice upon the trustees for Essex Point ("the Essex Point Trustees"), but not upon the individual landowners within Essex Point or Huntington Farms.

The state legislature repealed RSMo §§ 228.450 and 228.360 in 1991. On June 1, 1992, after a trial on the merits, the circuit court entered judgment in favor of Plaintiffs and ordered the road vacated from the southeastern corner of Essex Point to Clayton Road. The Essex Point Trustees appealed and cause was transferred to the state Supreme Court. On December 20, 1994, the Court reversed and remanded for further proceedings, holding Plaintiffs were required under RSMo § 228.450 to serve notice of their vacation action upon the landowners directly abutting Sellenrick Road and the landowners within the subdivision whose land was originally serviced by the road. *Rogers v. Brockland*, 889 S.W.2d 827, 828 (Mo.banc 1994).

On April 25, 1995, Plaintiffs were granted leave to file a six-count Second Amended Petition. Plaintiffs' motion for leave to file stated, "The purpose of the Second Amended Petition is to join the additional parties whom the Missouri Supreme Court indicated must or possibly should be joined as parties defendant."

In Count I of the Second Amended Petition Plaintiffs asked for a declaratory judgment declaring Sellenrick Road vacated or, in the alternative, requiring the Essex Point Trustees and Essex Point landowners to pay for any damages to or dislocations of utility easements and installations. Plaintiffs named as parties the Essex Point Trustees, the individual landowners within Essex Point and Huntington Farms, the owners of a tract east of Essex Point abutting Sellenrick Road, the City of Town and Country, and various utility companies including Union Electric ("UE") and Southwestern Bell Telephone Company ("SWBT").

On June 30, 1995, forty of the landowners in Essex Point filed a joint motion to dismiss the Second Amended Petition, asserting as to Count I that Plaintiffs' action was based upon statutes which had been repealed prior to their joinder as defendants. On August 9, SWBT filed a motion for summary judgment claiming there was no justiciable controversy between it and any party to the suit, there was no ripe controversy between it and Plaintiffs, and it was not a necessary party to the suit. On August 22, the circuit court sustained both the Essex Point landowners' motion to dismiss as to Count I, and SWBT's motion for summary judgment; the court also denied a pending motion of Plaintiffs for leave to amend their petition by interlineation to name two additional landowners as parties.

On October 17, 1995, the Essex Point Trustees filed a motion to dismiss or in the alternative for summary judgment as to Count I. The Essex Point Trustees noted the circuit court's August 22 order dismissing the Essex Point landowners, alleged the Supreme Court ruled these defendants to be indispensable parties in *Rogers v. Brockland,* and asserted the court had no jurisdiction to hear and decide Count I "in view of the absence of indispensable parties." On October 24, 1995, the court entered the following judgment:

> The Motion to Dismiss or in the alternative for Summary Judgment on behalf of Trustees of Essex Point having been called and heard, this Court hereby orders that Count I of the Second Amended Petition be and is dismissed with prejudice as to all Defendants.

The court made its judgment final for purposes of appeal pursuant to Rule 74.01(b). This appeal followed.

The first four of the five points raised by Plaintiffs on appeal concern the circuit court's dismissal of the original and newly-added defendants. The Essex Point Trustees and Essex Point landowners (collectively, "the Essex Point Defendants") filed a joint response to these four points. We find Plaintiffs' first point on appeal dispositive.[1]

■ Plaintiffs contend the dismissal of the original and newly added defendants contravened the order of the Supreme Court in *Rogers v. Brockland,* alleging the circuit court "misconstrued the Supreme Court's opinion as requiring that the missing homeowners become parties to the lawsuit, when the Supreme Court held that they must only be given statutory notice and opportunity to 'opt in' in order to protect their interest in Sellenrick Road." Plaintiffs assert notice to the landowners, as opposed to their joinder as parties, was all that was required under the statute. We agree.

Contrary to the Essex Point Defendants' contention, the Supreme Court did *not* hold the individual Essex Point and Huntington Farms landowners to be indispensable parties to Plaintiffs' vacation action. In fact, the Court expressly avoided such a ruling. The Court summarized the case at the outset:

> The appellants claim that a number of landowners abutting the private road and the other landowners in the Essex Point

---

1. Plaintiffs' fifth point concerns the entry of summary judgment in favor of SWBT and is addressed below.

and Huntington Farms Subdivisions were indispensable parties who should have been joined to the proceedings. We hold that an action to vacate a private road is strictly controlled by statute and that [RSMo § 228.450] requires notice to all landowners through which the private road sought to be vacated passes. . . .

*Rogers*, 889 S.W.2d at 828. The Court framed the issue as follows:

The parties have identified the central issue before the Court as whether the landowners of Essex Point Subdivision and Huntington Farms Subdivision are necessary and indispensable parties pursuant to Rule 52.04. *More specifically, however, this case revolves around whether those landowners were required to be notified of the proceedings to vacate in accordance with § 228.450.*

*Id.* at 829 (emphasis added). The Court held, "We cannot read § 228.450 in any way other than to require notice to all landowners through which the road passes and for whom vacation of the road would destroy access to the connected public road[,]" *Id.* at 830, but added in an accompanying footnote:

This does not mean that the individuals who receive notice must continue to participate in the lawsuit. Section 228.450 provides a method of notification and "opting in" if a land owner through which the road passes desires to protect their interest in the road.

*Id.* at 830 n. 7. The Court ended by holding:

. . . Until all proper parties are given the opportunity to participate, no one can guess what evidence will be introduced or what positions advanced.

Our statutes specifically have set out the procedure to be followed to vacate a private road. Those same statutes determine who the parties to such a proceeding might be and the manner of notice required. . . .

The case is reversed and remanded for further proceedings in accordance with this opinion.

*Id.* at 832.

Nowhere in its opinion did the Court require the Essex Point and Huntington Farms landowners be joined as parties; in fact, the Court expressly declined to so hold. *Id.* at 829. The Court limited its holding to a finding that service of notice was required under RSMo § 228.450, and remanded the cause for this purpose. *Id.* at 830–831. Notice, not joinder, was required under the statute. Once Plaintiffs served notice upon the landowners as directed by the Court, they fulfilled the statutory prerequisite for their vacation action and should have been allowed to proceed.

As the Essex Point Defendants point out, Plaintiffs' motion for leave to file the Second Amended Petition stated the purpose of the petition was "to join the additional parties whom the Missouri Supreme Court indicated must or possibly should be joined as parties defendant." Additionally, the petition itself named the individual landowners as parties defendant. The Essex Point Defendants further assert the statutory method for serving notice upon the landowners—service of summons and a copy of the petition—is "the very same method utilized to join a party as a defendant[,]" and characterize Plaintiffs' attempt to distinguish joinder and notice as "a classic example of a distinction without a difference."

The fact that Plaintiffs attempted to join the individual landowners as parties by means of the Second Amended Petition has no bearing on the Court's holding that notice was all that was required by the statute, and reflects, in all likelihood, an abundance of caution on Plaintiffs' part. As for the Essex Point Defendants' assertion that the distinction between notice and joinder constitutes a "distinction without a difference," we cannot agree. RSMo § 228.450 required only that abutting landowners be served notice of the vacation action and given the opportunity to "opt in" by filing a "remonstrance."[2] *Id.* at 830 n. 7. Such a statutory scheme did not require the joinder of these landowners as parties to the proposed vacation.

■ The Essex Point Defendants further assert that "regardless of whether the vaca-

---

**2.** The Court defined remonstrance as an " '[e]xpostulation; showing of reasons against something proposed; a representation made to a court or legislative body wherein certain persons unite in urging that a contemplated measure be not adopted or passed.' " *Id.* at 830 n. 6.

tion statute required joinder or notice as the predicate act conferring jurisdiction to vacate a private road, in the present case that predicate act simply did not occur until after repeal of the statute permitting vacation." However, the Supreme Court noted the repeal of RSMo §§ 228.450 and 228.360 the first time this case went up on appeal:

These statutes were repealed after the filing of the suit but before the circuit court issued its judgment. Both parties acknowledge that these statutes nonetheless control this action in accordance with the statutory savings provisions of §§ 1.170 and 1.180. . . .

*Id.* at 830 n. 5 (citations omitted). RSMo § 1.180 (1994) provides:

No action or plea, pending at the time any statutory provisions are repealed, shall be affected by the repeal; but the same shall proceed, in all respects, as if the statutory provisions had not been repealed, . . . .

The Court remanded the cause with the savings statute in mind. RSMo § 1.180 preserved Plaintiffs' vacation action, permitting Plaintiffs to proceed as if RSMo § 228.450 had never been repealed. Therefore, Plaintiffs, who served notice upon all landowners abutting Sellenrick Road as ordered by the Court, were entitled to continue with their vacation action against both the original and the newly-added defendants despite the repeal of RSMo § 228.450. The circuit court's dismissal of Count I as to the original and the newly-added defendants is reversed, except with respect to SWBT (addressed immediately below); and cause is remanded for further proceedings, i.e. the filing of remonstrances by landowners objecting to Plaintiffs' proposed vacation of Sellenrick Road.

We now turn to Plaintiffs' fifth and final point, which concerns the entry of summary judgment in favor of SWBT. Plaintiffs contend the trial court erred because (1) SWBT's motion for summary judgment did not comply with Rule 74.04(c)(1); (2) SWBT failed to present any affidavits or other materials demonstrating the lack of factual issues; and (3) Plaintiffs plead a valid claim upon which relief could be granted. We disagree with all of these contentions.

Plaintiffs' claim that SWBT's motion for summary judgment failed to comply with Rule 74.04(c)(1) is without merit, as is their contention that SWBT failed to present documentation of the lack of any genuine issue of material fact. We note SWBT attached to its motion a copy of a January 27, 1992, stipulation in which the parties stipulated to the existence of the recorded easements listed therein. No recorded easements were listed for SWBT; rather, SWBT was on UE's easement "by reason of a joint use agreement. . . ."

With respect to Plaintiffs' allegation they plead a valid claim against SWBT upon which relief could be granted: In their Second Amended Petition, Plaintiffs claimed the "paving and use of Sellenrick Road by the Essex Point residents and potentially others, . . . would . . . interfere with existing utility and sewer easements and installations of Defendants Laclede Gas, Union Electric, Southwestern Bell and MSD serving Plaintiffs' respective properties, . . . ." Plaintiffs prayed for the following alternative declaratory relief with respect to the named utilities:

That the Essex Point Trustees and Essex Point Owners obtain written consents from, or that this Honorable Court adjudicate the respective rights of, Union Electric Company, Laclede Gas Company, Southwestern Bell Telephone Company and Metropolitan St. Louis Sewer District, and any other utility companies who have easement rights or installations within said roadway right-of-way as to the respective rights of the Essex Point Trustees, the Essex Point Owners, the Huntington Farms Owners and said Public Utilities Defendants and that the Essex Point Trustees and the Essex Point Owners be required to pay, and to post reasonable security, for damages to, or dislocation of, such utility easements and installations.

The parties' January 27, 1992, stipulation shows SWBT had no recorded property interest in Sellenrick Road. SWBT's only connection to this action was its joint use agreement with UE. Nonetheless, Plaintiffs assert in their brief that they, "as owners of the land under Sellenrick Road . . ., are ef-

fectively parties to contracts with [SWBT] and the other Public Utilities, which have easements over Plaintiffs' property." Plaintiffs present no basis and cite no authority for this claim. Plaintiffs have no standing to present as an issue what is, at most, a potential dispute between SWBT and UE. There was no justiciable controversy between SWBT and Plaintiffs meriting a declaratory judgment, that is, an actual controversy between persons whose interests are adverse in fact. *See City of Jackson v. Heritage Sav. & Loan,* 639 S.W.2d 142, 144 (Mo.App. E.D.1982). The trial court's entry of summary judgment in favor of SWBT was not erroneous. Point denied.

The circuit court's judgment entering summary judgment in favor of SWBT on Count I is affirmed. The court's judgment dismissing the other defendants as to Count I is reversed and cause is remanded for further proceedings.

GERALD M. SMITH, P.J., and RHODES RUSSELL, J., concur.