Gary F. ROGERS, et al.,
Plaintiffs/Respondents,

v.

Vincent F. STANEC, Jr., et al.,
Defendants/Appellants.

No. 72618.

Missouri Court of Appeals,
Eastern District,
Division One.

July 7, 1998.

Merle L. Silverstein, Jeffrey A. Cohen, Clayton, for Defendants/Appellants.

William J. Travis, St. Louis, for Plaintiffs/Respondents.

GRIMM, Presiding Judge.

Plaintiffs originally sought and obtained an injunction against defendants. On appeal, the trial court's judgment was reversed. Ultimately, plaintiffs dismissed their lawsuit and defendants sought damages on the injunction bond. The trial court denied their request and they appeal.

In their only point, defendants allege the trial court erred by denying their motion for judgment on the bond. They contend plaintiffs' voluntary dismissal of their lawsuit without defendants' consent, connivance or affirmative act amounted to a determination that the injunction was improvidently granted. We agree, reverse, and enter judgment for defendants for the amount of the bond.

## I. Background

In 1990, plaintiffs obtained a temporary restraining order to prevent defendants from using or paving portions of Sellenrick Road. The trial court directed them to post a $25,-000 bond. On May 10, 1990, some of the plaintiffs filed the bond. The bond complied with the requirements of Rule 92.02(c).

In 1992, the underlying case was tried. On June 1, the trial court permanently enjoined defendants from using or paving Sellenrick Road. Further, it vacated a portion of that road and released and discharged plaintiffs' bond. Defendants appealed, alleging certain landowners were indispensable parties who should have been joined to the proceedings. The supreme court held that notice to other landowners was required, and reversed and remanded. *Rogers v. Brockland,* 889 S.W.2d 827, 828 (Mo.banc 1994).

In its decision, the supreme court held that strict compliance with the notice provision of section 228.450 RSMo 1986 * is .required to vacate a private road. *Rogers,* 889 S.W.2d at 831. "[F]ailure to comply with the statutes deprives the Court of the authority to enter a final judgment granting that relief." *Id.* Until "proper notice is provided ... the court simply is without power to grant the requested vacation." *Id.*

In April 1995, defendants filed a motion seeking judgment on the bond. Among other things, they pointed out that the supreme court had reversed the trial court. Thus, they alleged, the TRO had been improvidently issued.

Later in April, plaintiffs filed a second amended petition. This petition added parties and plaintiffs apparently gave notice to other landowners. Defendants filed a motion to dismiss, which the trial court granted. Plaintiffs appealed and this court reversed and remanded. *Rogers v. Stanec,* 927 S.W.2d 422 (Mo.App. E.D.1996).

In January 1997, plaintiffs dismissed their petition. Testimony indicates they did this because a 1996 change in a city ordinance effectively prohibited defendants from using Sellenrick Road as a connector to a road in plaintiffs' subdivision. In February, defendants amended their motion seeking damages on the bond, noting plaintiffs' dismissal of their action.

In an April hearing, defendants presented evidence that they expended in excess of $25,000 in attorney fees for the period from the time the TRO was issued through the first appeal. The trial court denied the motion and this appeal followed.

## II. Damages on the Bond

In defendants' only point, they allege the trial court erred in denying their motion for judgment on the TRO bond. They contend "the plaintiffs' voluntary dismissal without prejudice of their cause, without the consent, connivance or affirmative act on the part of [defendants], amounted to a conclusive determination that the injunction was wrongfully obtained and improvidently issued."

* Section 228.450 RSMo was repealed in 1991.

■ Statutory authority exists for entering judgments on TRO bonds. Section 526.200 RSMo 1994 provides in pertinent part that "[u]pon the dissolution of an injunction, in whole or in part, damages shall be assessed...." Further, a defendant's reasonable attorney fees rendered in the proceedings directed at "getting rid of an unjust restriction forced upon" defendant by a plaintiff is a proper element of damages to be considered in assessing damages on an injunction bond. *Kelder v. Dale,* 313 S.W.2d 59, 61 (Mo.App. W.D.1958).

In the case before us, the TRO was entered in 1990. Although the trial court purportedly discharged the TRO and bond in 1992 when it vacated the road and made permanent the injunction, the supreme court reversed that judgment and remanded for further proceedings. In so doing, the trial court's 1992 judgment was effectively vacated and became a nullity. Thus, the TRO continued in effect until plaintiffs dismissed their action in 1997.

■ *Kelder* states the general rule concerning damages on injunction bonds. Damages are allowable "where the injunction was improvidently granted, was wrongful in its inception or at least was continued owing to some wrong on the part of the plaintiff." *Id.* at 62. Further, as a general rule, "the voluntary dismissal of a suit by the plaintiff, after obtaining an interlocutory injunction and giving a bond, when made without the consent of the defendant, is determinative of the controversy and is such a breach of condition of the injunction bond as to warrant a right of action upon it." *Id.* at 63.

■ Here, nothing in the record indicates that the dismissal was made with defendants' consent. Rather, the dismissal was made by plaintiffs independently and without defendants' connivance. In such a situation, the dismissal "conclusively establishes ... the wrongfulness of the injunction." *Id.*

This court recognized this principle in *Sullivan v. Winer,* 307 S.W.2d 704, 707–08, (Mo. App. E.D.1957). We also recognized an ex-

ception to this rule where the decree expressly finds that the temporary injunction was properly and providently issued, but because of events subsequent to its issuance the necessity for its continuance has been removed. *Id.* at 708. There, the trial court's order did not contain such a finding and thus the exception was not applicable. *Id.See also Graham v. Henderson,* 608 S.W.2d 150, 152 (Mo.App. E.D.1980).

Here, the trial court could not have found that the temporary injunction was properly and providently issued. Such a finding was effectively barred by the supreme court's decision in *Rogers,* 889 S.W.2d at 831. Thus, the exception is not applicable.

Nevertheless, plaintiffs raise two other arguments. First, they argue that since the 1992 judgment discharged the bond and defendants did not appeal that discharge, the discharge of the bond is res judicata, and damages cannot now be awarded on the bond. They contend that the 1992 judgment contained two separate judgments, i.e. one on the merits and the other discharging the bond. They argue that defendants appealed from the judgment on the merits, but they did not appeal from the judgment discharging the bond.

■ Plaintiffs' argument is misplaced. In 1992, the trial court entered only one judgment. Although that one judgment had several parts and holdings, it still is only one judgment. That judgment was appealed and the supreme court reversed. In so doing, the supreme court implicitedly reversed that part of the trial court's judgment releasing and discharging the TRO bond.

■ Plaintiffs further argue that if the trial court erroneously released the bond in 1992, defendants were required to obtain reversal of that discharge before pursing damages on the bond. Although they cite several cases, none are factually or legally similar to the case at hand. Suffice to say we agree with the treatise statement that if a release of a bond is made prematurely, it will not immunize the principal or surety from what otherwise might be the liability against them. 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2972, p. 461 (1995 ed.).

Plaintiffs' second and alternative argument contends that the judgment should not stand because the action had already been dismissed under Rule 67.02(a), and there was no jurisdiction to award damages on the bond.

When defendants filed their original motion in 1995 seeking judgment on the bond, their motion was premature. "The right to have damages assessed does not accrue until the injunction is dissolved. The dissolution of the injunction is a final judgment. The filing and hearing of a motion to assess damages on an injunction bond is a proceeding in the case after final judgment." *Joplin State Bank v. Heaton,* 180 S.W. 19, 20 (Mo.App. S.D.1915); *J. and P. Trust v. Continental Plants Corp.,* 541 S.W.2d 22 (Mo.App. E.D. 1976). Defendants were not entitled to damages in 1995 because the underlying injunction action was still pending and no final judgment had been entered.

Plaintiffs dismissed their case in January 1997. Thereafter, in February, defendants amended their 1995 motion by adding the allegation that plaintiffs dismissed their action on January 6, 1997. This amended motion was presented to the trial court in April and was denied.

Numerous cases hold that a proceeding for the assessment of damages on an injunction bond is in the nature of a new, separate and independent controversy. *See, e.g., J. and P. Trust,* 541 S.W.2d at 26; *Eickelmann v. Eickelmann,* 724 S.W.2d 261, 262 (Mo.App. W.D.1986). Thus, the usual, accepted, and better practice is to file an independent action on the bond after the injunction proceedings are completed.

■ Here, defendants filed a motion in the underlying action. Immediately before evidence was presented to the trial court, both counsel made opening statements. Plaintiffs' counsel said that he did not believe there was any evidentiary dispute. Rather, plaintiffs disputed liability on the bond because the 1992 judgment granted them a permanent injunction and it released and discharged the bond. "It's (sic) out (sic) position that there really—there isn't a bond at this time."

Noteworthy, plaintiffs did not argue to the trial court that the motion should be filed in a separate independent action. Nor did plaintiffs ask that the damages be assessed by a jury, as permitted by section 526.200 RSMo 1994.

We recognize that the cases indicate that a separate independent action should be brought on an injunction bond. However, here no such objection was made to the trial court before the evidentiary hearing was conducted. Further, at oral argument before this court, both counsel acknowledged that defendants were either entitled to nothing or $25,000. Moreover, this case has now reached the appellate courts three times. Thus, pursuant to the Rule 84.14 direction to "dispose finally of the case" and "give such judgment as the court ought to give," we grant defendants' point.

The trial court's judgment is reversed and judgment is entered for defendants and against plaintiffs for the amount of the bond, $25,000. Costs assessed to plaintiffs.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.

